534 So.2d 210 (1988)
H.B. HUDSPETH, et al.
v.
STATE HIGHWAY COMMISSION OF MISSISSIPPI.
No. 57697.
Supreme Court of Mississippi.
November 16, 1988.
*211 Dexter C. Nettles, Jr., Smith & Smith, Carthage, for appellant.
Vernon R. Cotten, Carthage, for appellee.
En Banc.
ZUCCARO, Justice, for the Court:
H.B. Hudspeth appeals from a judgment of $6,750.00 entered in his favor in a special court of eminent domain of Leake County, Mississippi. Hudspeth assigns the following as error:
I. THE TRIAL COURT ERRED IN RULING THAT APPELLANT WOULD NOT BE ALLOWED TO CALL THE COURT APPOINTED EXPERT APPRAISER AS A WITNESS DURING THE TRIAL OF THE CASE.
II. THE COURT ERRED IN ENTERING ITS ORDERS OF DISCOVERY DATED NOVEMBER 6, 1985 AND JUNE 11, 1986 BECAUSE THE ORDERS DENIED THE APPELLANT THE RIGHT OF DISCOVERY PROVIDED BY THE MISSISSIPPI RULES OF CIVIL PROCEDURE.
III. THE COURT ERRED IN OVER-RULING THE APPELLANT'S MOTION TO STRIKE THE AMENDED STATEMENT OF VALUES FILED BY THE STATE HIGHWAY COMMISSION OF MISSISSIPPI.

STATEMENT OF FACTS
Condemnation of a tract of land approximately 964.2 feet along the south right-of-way boundary of Highway 16 and an average width of approximately 30 feet and containing 74/100ths or .74 acre was sought by the Highway Commission in a Special Court of Eminent Domain. After filing its application on August 29, 1985 the commission filed a statement of values on October 3, 1985. The statement of values set forth that the fair market value on the date of the filing of the petition was $4,020.00, that damage to the remainder was $1,650.00, that total compensation due to the appellant landowner was $5,670.00. The statement of values further set forth that the elements of damage were severance and temporary easement and that the highest and best use was multi-family residential.
The court appointed Earl L. Locke as the court appointed appraiser to conduct an appraisal of the property to be condemned pursuant to Miss. Code Ann. § 11-27-81 et seq. (1972) (as amended). E.L. Locke appraised the subject property and ascertained that the total compensation and damages due for the taking of Hudspeth's property was $5,000.00.
On October 11, 1985, H.B. Hudspeth propounded his first request for production and first set of interrogatories. Then on October 24, 1985, Hudspeth noticed a deposition pursuant to Miss.Rule of Civ.Pro. 30(b)(6) to depose the State Highway Commission. The Highway Commission filed its response to Hudspeth's request for the aforementioned discovery, including the 30(b)(6) deposition, wherein it stated that the facts and information sought were not lawfully discoverable but were available to Hudspeth through his own independent research and investigation. The Highway Commission then sought a protective order pursuant to Miss.Rule of Civ.Pro. 26(d) arguing simply that the matters sought are not discoverable and that it would be prejudiced if it produced these matters. Following a motion to compel by Hudspeth, the *212 trial court entered its order of discovery requiring that the Highway Commission comply with certain requests of Mr. Hudspeth.
On November 1, 1985, Hudspeth filed his statement of values setting forth that the fair market value of the property to be condemned on the date of filing was $20,000.00, the damages to the remainder was $10,000.00, the total compensation due to the defendant, Hudspeth, was $30,000.00. The statement of values also set forth that the elements of damage were severance damages, damages caused by separation and damages to the property caused by reduction in the depth of the lot and access to the highway. Hudspeth declared that the highest and best use was for multi-family residential.
On March 26, 1986, the Highway Commission filed an amended statement of values. The amended statement of values set forth that the amended fair market value of the subject property was $3,265.00 on the date the petition was filed, the damage to the remainder was $400.00, and that the amended total compensation due to Hudspeth was $3,665.00. The amended statement of value further set forth that the element of damage was severance and the highest and best use was single family residential.
On June 23, 1986, the day the case was set for trial and three months after the Highway Commission filed its amended statement of values, Hudspeth filed a motion to strike the amended statement of values. The trial court overruled the motion to strike based upon a lack of a showing of prejudice and because the motion was not timely filed. The jury heard testimony and returned a judgment for appellant for $6,750.00. From this judgment Hudspeth appeals.

I. DID THE TRIAL COURT ERR IN RULING THAT HUDSPETH WOULD NOT BE ALLOWED TO CALL THE COURT APPOINTED EXPERT APPRAISER AS A WITNESS DURING THE TRIAL OF THE CASE?
The trial of the case sub judice took place on June 23, 1986. The appellant, Hudspeth, attempted to call the court appointed appraiser as a witness in the case. Pursuant to Miss. Code Ann. § 11-27-89 (1972), the trial court denied the appellant's request to call the court appointed appraiser as a witness.
Miss. Code Ann. § 11-27-89 (1972), effective May 10, 1972, provides in pertinent part:
The report of the [court appointed] appraiser will not be admissible in evidence during the trial of the eminent domain case, and no person serving as an appraiser pursuant to section 11-27-83 shall be eligible to testify in said trial.
This statute is unambiguous and the meaning is clear. The purpose behind not allowing the court appointed expert to testify is to prevent a jury from looking upon such testimony with a higher degree of trust and considering such testimony to be more credible since the appraiser was appointed by the court. The only purpose of the report of the court appointed expert appraiser is to determine the value of the property to determine the amount of money the Highway Department should put on deposit with the clerk of the court pursuant to Miss. Code Ann. § 11-27-85 (Supp. 1988).
The appellant relies on the Mississippi Rules of Evidence to argue that Miss. Code Ann. § 11-27-89 (1972) has been repealed. These Rules were adopted January 1, 1986 and were therefore in effect at the time of the trial in the instant case. Rule 101 of the Miss.R. of Evid. provides that the Rules apply to all proceedings in the courts in this State that do not fall into an exception stated in Rule 1101. After considering Rule 1101, we find that Eminent Domain cases do not fall within any exception. Therefore the Mississippi Rules of Evidence apply in Eminent Domain cases.
Miss.R.Evid. 601 states:
Every person is competent to be a witness except as restricted by M.C.A. § 13-1-5 (competency of spouses) and § 13-1-11 (persons convicted of perjury or subornation of perjury), or by these rules.
*213 M.C.A. § 11-27-89, however, declares that the court appointed expert shall not be competent as a witness at trial. It is thus evident to this Court that Miss.R. of Evid. 601 is inconsistent with M.C.A. § 11-27-89. We have the authority to make the rules governing trial procedure. Newell v. State, 308 So.2d 71 (Miss. 1975). Just as we had the authority to abrogate M.C.A. § 11-27-89, we have the authority to adopt it as a part of our rules of evidence. There is good reason why we should do so.
The "quick take" statute is a major public policy pronouncement appropriately emanating from the legislative branch of our government. It was designed to enhance the State's highway program by providing the highway department access to the needed right-of-way as quickly as practicable consistent with the legitimate interests of the landowner. The idea was to prevent landowners holding up the highway construction project by dragging out the eminent domain proceedings for as long as possible. The independent appraiser is an integral part of that legislative judgment, for he fixes the compensation and damage award which becomes the measuring stick for the highway commission to make its deposit with the clerk of the court and then "quickly take" the right of way.
It is true that the part of the quick take law found in M.C.A. § 11-27-89 that makes the court-appointed appraiser incompetent as a witness enacts within the sphere of this Court's rule making power. Where the invasion is minor and where otherwise the legislative enactment is upon a matter of public policy within legislative authority, it may be appropriate that we give deference to the legislature's judgment. We have done this in other contexts. See Pinkton v. State, 481 So.2d 306, 310 (Miss. 1985).
We declare Miss.Rule of Evid. 601 amended so that it reads:
Every person is competent to be a witness except as restricted by M.C.A. § 13-1-5 (competency of spouses), § 13-1-11 (persons convicted of perjury or subornation of perjury), § 11-27-89 (court appointed appraisers in eminent domain cases), or by these rules.
The question then becomes whether the amended rule should be given retroactive application. Insofar as we can determine, it appears that most trial courts have continued to respect the incompetency rule of M.C.A. § 11-27-89 notwithstanding the advent of the Mississippi Rules of Evidence. Moreover, prospective application would leave us with an arbitrary time warp: January 1, 1986 until this date, before and after which the court appointed appraiser was incompetent but during which the rule is the opposite. The least discommoding effect will be achieved by our declaring amended Rule 601 effective, retroactive to January 1, 1986, and we so declare it.
A like problem arises in the case of Miss.Rule of Evid. 706. That rule gives trial courts general authority to appoint expert witnesses. In pertinent part Rule 706(a) provides that a court appointed expert may be deposed or called as a witness at trial. This conflicts with M.C.A. § 11-27-89. Accordingly we declare Miss. Rule of Evid. 706 amended so that it contains a new subparagraph (e) which reads:
(e) Court Appointed Experts in Eminent Domain Cases. Procedures for the selection and use of court appointed experts in eminent domain cases found in M.C.A. § 11-27-89 shall remain in full force and effect and shall control to the extent they may be in conflict with this rule; otherwise, this rule shall apply.
We declare this amendment to Miss.Rule of Evid. 706 effective, retroactive to January 1, 1986.
In light of the foregoing actions, we must hold that there is no merit to the assignment of error, and it is denied.

II. DID THE COURT'S ORDERS OF DISCOVERY OF NOVEMBER 6, 1985 AND OF JUNE 11, 1986 EFFECTIVELY DENY THE APPELLANT THE RIGHT OF DISCOVERY PROVIDED BY THE MISSISSIPPI RULES OF CIVIL PROCEDURE?
After Hudspeth filed several requests for answers to interrogatories, requests for *214 admissions, and motions to compel the Highway Commission to respond to discovery, the Highway Commission made motions for protective orders in response thereto. The court then entered its first order of discovery dated November 6, 1985, which provides in pertinent part:
A. Defendants shall not be entitled to any information concerning comparable sales, utilized by Petitioner, or Petitioner's appraisers, or other experts in arriving at the opinion of Petitioner of the fair market value of the property that is the subject of this law suit.
B. That, except as set forth in paragraph 2A hereof, the Defendants are not entitled to the subject matter on which each appraiser is expected to testify, and to the substance of the facts and opinions to which the appraiser is expected to testify. That Defendants are not entitled to the appraisals or to a summary of the grounds for each appraiser's opinion.
C. The Defendants are not entitled to any correspondence, memo, or letter that relates in any way to the matters that are this subject of this law suit.
D. The Defendants are not entitled to any photographs in possession of the Petitioner.
E. The Defendants are not entitled to the information contained in State File Number 009-0-00-W, and/or amended, as such property is shown by the plans, maps and plats for State Project No. 79-0024-03-003-10, now on file in the office of Petitioner even though these matters had been made a part of the order to condemn by reference.
F. The Defendants are not entitled to receive the names of appraisers or other expert witnesses that may have been employed by Petitioner but who are not expected to be called at trial.
G. Other than as to the matters as set forth in Paragraphs 2 and 3 hereinabove, the Defendants are not entitled to any other discovery, whether by deposition, interrogatories or motion to produce, sought in the Motions now before the Court.
After Mississippi Highway Commission refused to respond to discovery following the court's order of discovery, Hudspeth made several more motions to compel discovery. In its order of June 11, 1986 the court stated:
... except for the matters of discovery required by the Court in its Order of November 6, 1985, in this cause, the motions to compel discovery set forth above should be, and the same hereby are overruled.
We hold, based upon State Highway Commission of Mississippi v. Havard, 508 So.2d 1099 (Miss. 1987) that the trial court's discovery order was unduly restrictive. In the Havard case we stated,
There can be no doubt that comparable sales to be used by either party in an eminent domain proceeding are properly subjects of discovery  provided the rules of discovery are properly employed.
Havard, 508 So.2d at 1104.
Furthermore, in the case sub judice, the trial court's discovery order only provided that the Highway Commission provide the names of appraisers it had used and each appraiser's opinion of the market value of the property but not the substance of the expert testimony. Havard is authority for the proposition that:
The Mississippi Rules of Civil Procedure and particularly the discovery provisions thereof, govern the conduct of eminent domain proceedings, except where there may be found a procedural statute to the contrary.
Id. at 1103.
Havard discussed Rule 26(b)(4)(A)(i) of the Mississippi Rules of Civil Procedure which reads as follows:
A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify *215 and a summary of the grounds of each opinion.
In dicta, we stated,
Mississippi State Highway Commission correctly points out that a party must not only supplement interrogatories to reveal the identity of expert witnesses but must also supplement interrogatories to reveal the substance of expert testimony if not stated originally in answer to interrogatories. (Emphasis supplied).
In the case sub judice the trial court refused to order Mississippi State Highway Commission to provide the subject matter of which the appraisers were to testify. According to Havard these matters were discoverable.
Based upon this assignment, we reverse and remand this case for a new trial. The court shall apply the Mississippi Rules of Civil Procedure except where there is procedural statute to the contrary.

III. DID THE TRIAL COURT ERR IN OVERRULING THE APPELLANT'S MOTION TO STRIKE THE AMENDED STATEMENT OF VALUES FILED BY THE STATE HIGHWAY COMMISSION OF MISSISSIPPI?
On October 3, 1985 the State Highway Commission filed its statement of values setting forth that the fair market value on the date of the filing of the petition was $4,020.00, that the damage to the remainder was $1,650.00 and that total compensation due to Hudspeth for damages was $5,670.00. The statement of values further set forth that the elements of damage were severance and a temporary easement. The highest and best use according to the statement of values was for multi-family residential.
On March 26, 1986, the State Highway Commission filed an amended statement of values which set forth that the fair market value on the date of the filing of the petition was $3,265.00, the damage to the remainder was $400.00, and that the total compensation due to Hudspeth for damages was $3,665.00. The amended statement of values set forth that the element of damage was severance. According to the amended statement of values, the highest and best use was single family residential.
On June 23, 1986, Hudspeth filed a motion to strike the amended statement of values filed by the State Highway Commission. The trial court overruled the motion to strike finding that the motion was not timely filed and that Hudspeth had suffered no prejudice.
It is well-settled according to Mississippi case law that statements of value in an eminent domain proceeding are to be treated as pleadings are treated in civil causes in the circuit court. Miss. Code Ann. § 11-27-7 (1972). Mississippi State Highway Commission v. Amos, 319 So.2d 231, 233 (Miss. 1975).
In Mississippi State Highway Commission v. Arndt, 304 So.2d 281, 283 (Miss. 1974) we cited 18 Am.Jur. Eminent Domain § 327 (1938) with approval wherein the text writer recognized that:
The rules applicable to the amendment of pleadings generally are in general recognized in condemnation proceedings.
This Court is in favor of the policy which liberally allows amendments to pleadings. Based upon Amos we find that this assignment of error is without merit.

CONCLUSION
We find the lower court erred in making its orders of discovery wherein the court determined that comparable sales were not discoverable and further erred in its determination that the matters to which expert witnesses and appraisers were expected to testify were not discoverable. This opinion is not intended to uphold other discovery violations not mentioned herein. We reverse and remand for a new trial consistent with this opinion.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and *216 PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.