SULLIVAN, Justice, for the Court:
The State Highway Commission of Mississippi filed an Application for Special Court of Eminent Domain on September 24, 1985, in the Circuit Court of Leake County, Mississippi, seeking to condemn for public use .19 acres of a tract of land owned by J.P. Culpepper. The land in question was to be used for the widening of Highway # 16 in the City of Carthage.
The property was condemned pursuant to the “quick take” eminent domain statutes found in Section 11-27-81, et seq., Mississippi Code Annotated (1972), as Amended. The trial began on January 14, 1987, and the jury was taken to see the property in question and the surrounding area. When the case was submitted to the jury, it returned a verdict of $2,500.00 for the landowner. Culpepper filed a Motion for Judgment Notwithstanding the Verdict or in the alternative, a Motion for a New Trial. On February 6, 1987, the court entered an order sustaining the motion unless the State Commission consented to an addi-tur in the amount of $10,000.00 which would raise the amount due Culpepper to $12,500.00.
The Commission promptly filed its rejection of additur on February 18, 1987, and has now appealed to this Court assigning one error:
1. The Court erred in allowing Appel-lees an additur in the amount of $10,000.00 where the jury “viewed the property” and heard testimony of appraisers from both sides without an affirmative- showing of bias, prejudice, or passion or a showing that the verdict was contrary to the overwhelming weight of the credible evidence.
Culpepper cross-appealed and assigned the following errors:
1. The Trial Court erred in ruling that the Cross-Appellant would not be allowed to call the court appointed expert appraiser as a witness in the trial of this- cause; and
*19 2. The Court erred in entering its Order of Discovery dated the 6th day of November, 1985, and further its Order dated June 11, 1986, for the reason that these Orders of the Court so limited discovery in this case as to effectively deny the Cross-Appellant the right of discovery provided by the Mississippi Rules of Civil Procedure.
Prior to the suit, J.P. Culpepper owned approximately 3.71 acres of land along Highway # 16. The amount of acreage is in dispute because of the 3.71 acres only .85 to 1.15 acres is involved in the taking, .19 acre of which is wanted by the State. The remaining 2.68 acres which is located south of the subject lot was considered contiguous by the court because the parcels were connected by a private drive. At the time of the appraisal all the property was zoned residential; at trial ' the .85 acre had been rezoned commercial. John Allen, an expert real estate appraiser, having made approximately 45 appraisals of land along Highway # 16, testified for the Commission. He appraised the land at $84,700.00 before the taking and $83,770.00 after the taking. The value of $1,200.00 was divided into $1,000.00 for the land taking and $200.00 for the temporary easement. Allen used the cost approach method evaluation and the market data approach to determine the fair market value of the property.
Culpepper testified that he purchased a parcel of property which included the section in question in 1981 for $16,000.00. He testified that he sold the house that was on the property for $5,500.00, and part of the land for $5,000.00 for residential use.
J.E. Miller, a qualified Real Estate Appraiser, testified for Culpepper using the market approach to determine the property’s fair market value. He treated the property as commercial and not residential property and determined the total value to be $120,335.00 before the taking and $95,-798.83 after the taking making the area of the lot worth $24,536.17.
The court appointed appraiser, Earl L. Locke, appraised the property pursuant to Section 11-27-83, Mississippi Code Annotated (1972), as Amended, and using the before value of $131,100.00 and the after value of $105,500.00 determined the compensation to be $25,600.00.
Because there is merit in assignment II of the Cross-Appeal by Culpepper, this case must be reversed and remanded for new trial, making it unnecessary for this Court to address the direct appeal by the Commission.
CROSS-APPEAL
I.
DID THE COURT ERR IN RULING THAT CULPEPPER WOULD NOT BE ALLOWED TO CALL THE COURT APPOINTED EXPERT APPRAISER AS A WITNESS IN THE TRIAL OF THIS CAUSE?
This Court has answered this question in Hudspeth v. State Highway Commission of Mississippi, 534 So.2d 210 (Miss.1988). It should be noted that the Hudspeth case was tried by the same lawyers before the same judge on the same day in the same county. In the Hudspeth case which controls here, we held that the trial court acted properly in not allowing the landowner to call the court appointed expert appraiser as a witness during the trial.of the case. There is no merit to this assignment of error.
II.
DID THE COURT ERR IN ENTERING ITS ORDERS OF NOVEMBER 6, 1985, AND JUNE 11, 1986, LIMITING DISCOVERY?
This exact issue on these exact discovery questions with the exact same ruling by the same trial judge were presented to this Court in Hudspeth. Based upon our ruling in State Highway Commission of Mississippi v. Havard, 508 So.2d 1099 (Miss.1987), and Hudspeth, we are of the opinion that the trial court unduly restricted discovery in this case and we therefore reverse and remand for a new trial.
As the net result of today’s ruling is that Culpepper did not have an opportunity to *20 fully present his case to the jury because of discovery violations, then the jury verdict cannot stand. This renders moot the direct appeal of the Commission.
JUDGMENT VACATED; CAUSE REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.