586 So.2d 811 (1991)
Raul Rolando FLORES
v.
STATE of Mississippi.
No. 89-KA-1083.
Supreme Court of Mississippi.
September 18, 1991.
*812 Merrida P. Coxwell, Jr., Randy A. Clark, Stanfield Carmody & Coxwell, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Ass't Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BANKS, JJ.
BANKS, Justice, for the Court:

I.
This appeal comes from the Circuit Court of Hinds County which convicted the appellant Raul Rolando Flores and his co-defendant James Ray VanEtten of conspiracy to distribute more than one kilogram of marijuana and sentenced each to fifteen years imprisonment. Flores assigns the following errors:
I. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROVIDE A SPEEDY TRIAL.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING THE PROSECUTOR TO MAKE REPEATED REFERENCE TO THE DEFENDANT'S FAILURE TO CALL A WITNESS IN HIS OWN BEHALF.
This case is controlled by and disposed of by our decision in Flores' co-defendant's appeal, Flores (VanEtten) v. State[1], 574 So.2d 1314 (Miss. 1990). Accordingly, we reverse and render because the State failed to prosecute Flores within 270 days, in violation of our speedy trial statute, Miss. Code Ann. § 99-17-1 (Supp. 1990).

II.
The facts of the crime charged here are essentially the same as those stated in Flores (VanEtten) v. State and will not be repeated here. We go directly to the dispositive issue.

III.
To illustrate the speedy trial violation a chronology of events as applicable to Flores together with constitutional and statutory time calculations is shown below.

 Constitutional Statutory
Event Date No. of Days No. of Days
 TIME
ARREST 05/06/84 ATTACHES 0
Indictment 06/19/84 44 0
ARRAIGNMENT 06/22/84 47 TIME ATTACHES
Day after
 Arraignment 06/23/84 48 1
July '84 Term of
 Court Begins 07/09/84 64 16
VanEtten Moves
 for Severance
 (Denied) 07/10/84 65 17
State Moves for
 Continuance to
 Feb. '85 Term
 (Granted) 09/12/84 129 81
*813 TIME TOLLED: 09/12/84 to 01/28/85
VanEtten Moves
 to Dismiss for
 Failure to
 Prosecute (Denied) 06/21/85 273 225
July '85 Term of
 Court Begins 07/08/85 290 242
State Moves for
 Continuance
 from July 23 to
 Aug. 5 Term
 (Granted) 07/23/85 305 257
 TIME TOLLED FROM 7/23/85 TO 8/5/85
Co-Def. moves for
 continuance for
 failure of state
 to comply with
 discovery. No
 order entered. 07/25/85
 (TIME IS NOT TOLLED. DELAY IS CHARGED AGAINST THE
 STATE FOR ITS FAILURE TO ACCORD DISCOVERY ON A TIMELY BASIS.)
Flores Moves for
 Continuance to
 Sept. '85 Term
 to File Motion to
 Dismiss for Failure
 to Prosecute
 (Granted) 09/06/85 337 289
 TIME TOLLED: 09/05/85 to 02/18/86
Trial Begins[*]
 (Both Defendants
 renew Motions
 to Dismiss
 for Failure to
 Prosecute) 02/18/86

A computation of time reveals that there was a total of 653 days from the day of Flores' arrest to the day of trial and a total of 606 days from the day of his arraignment to the day of trial. Not including the time of continuances granted for good cause, there was a total of 337 days from Flores' arrest to the day of trial and 289 days from the day of his arraignment to the day of trial.
The period between August 5 and September 6, 1985, warrants discussion. In Flores (VanEtten) we considered whether continuances sought by a co-defendant should toll the time as to the complaining defendant. 574 So.2d at 1321. There we counted against the state a four-month period allowed a co-defendant for the purpose of filing a motion. Under the circumstances here we need not consider whether the continuance allowed VanEtten should be counted against Flores in the absence of an affirmative effort by Flores to disassociate with the motion and press for trial.
The continuance sought by VanEtten on July 24 was on grounds attributable wholly to the state. There is no order granting a continuance and we are, therefore, left to assume that a continuance was granted for the reasons stated. Whether we take the record, as is, with no order of continuance, or assume a continuance on *814 the grounds stated in the motion, the result is the same. Either way the time expended is charged against the state. See Vickery v. State, 535 So.2d 1371, 1377 (Miss. 1988); Perry v. State, 419 So.2d 194, 199 (Miss. 1982). The state, therefore, violated the statutory 270-day rule by a minimum of 19 days. Miss. Code Ann. § 99-17-1 (Supp. 1990).

CONCLUSION
Because Flores was denied a speedy trial pursuant to Miss. Code Ann. § 99-17-1 (Supp. 1990), we have no choice but to reverse his conviction and discharge him. Because the speedy trial issue disposes of this case, we need not reach the other assignment of error.
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
HAWKINS, P.J., concurs with separate written opinion.
DAN M. LEE, P.J., dissents.
McRAE, J., dissents with separate written opinion.
HAWKINS, Presiding Justice, concurring:
I concur with the majority that there was a violation of Miss. Code Ann. § 99-17-1, for which reason the appellant is entitled to be discharged.

THE DISSENT
I am also compelled to respond to the dissenting opinion in this case. It is an example of impeccable logic coupled with no judgment, and the problems inevitably encountered when one heedlessly persists in the wrong direction. It also illustrates the prediction in the dissent in Hall v. State, 539 So.2d 1338 (Miss. 1989):
To attempt to clearly separate rules into "substantive" and "procedural" is a quagmire, as futile as the search for "proprietary" and "governmental" in attempt to decide sovereign immunity for cities. But what about public policy? Can we frustrate enactments embracing clear-cut, urgent public policy because we feel we know better? Just as the "power to tax is the power to destroy" the sole power to make rules of practice is the power to decide all cases long before they ever arise. By rules we can make it almost impossible to convict, or else almost impossible to acquit. (Emphasis original)
539 So.2d at 1364.
That Miss. Code Ann. § 99-17-1 is a procedural statute I have no doubt. Of much greater significance it is an extremely valuable right the Legislature of this State has seen fit to give defendants indicted under the criminal statutes of this State. By Chapter 420, Laws 1976, codified as Miss. Code Ann. § 99-17-1, the Legislature enacted into law:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred severty (270) days after the accused has been arraigned.
This Court promptly interpreted this statute to mean that failure of the State to comply with it entitled the accused to discharge. Turner v. State, 383 So.2d 489 (Miss. 1980); Payne v. State, 363 So.2d 278 (Miss. 1978). There have been numerous sessions of the Legislature following our interpretation and the statute as written has been re-enacted with each session. We can therefore be certain that our interpretation was precisely in accord with the legislative intent. White v. Williams, 159 Miss. 732, 132 So. 573, 76 A.L.R. 757 (1931); Aschner & Baxter v. Edward Moyse & Co., 101 Miss. 36, 57 So. 299 (1912). In the absence of the prosecution showing good cause for its infraction, failure to comply with this statute mandates discharge of the accused.
This is a right the Legislature of this State has bestowed upon all criminally indicted *815 persons.[1]
Yet we have members of this Court asserting that simply because it is "procedural" we can take away this right. The dissent must surely be written with tongue in cheek.
The Legislature, expressing the sovereign will of the people, has enacted a Statute which says to an arm of the State, the prosecuting attorneys: "If you cannot bring a man to trial within 270 days of his arraignment, he must be discharged." That law may be wise or stupid, it does not matter. No court of this State has any authority except to enforce it.
In Hall we blithely whacked off Miss. Code Ann. § 13-1-401, et seq., a comprehensive Act dealing with evidence in child sexual abuse cases because the Legislature, according to this Court, lacked "subject matter" jurisdiction to pass any such act, thereby making it much more difficult to prosecute such cases, and leaving the prosecution of these cases without a compass or rudder for almost two years until we got around to adopting some rules on our own. 574 So.2d at XXXIII, Miss.Sup. Ct. adopting of Rules (Hawkins, P.J., dissenting). We "unnecessarily made the State's burden much greater in these tragic cases." (Emphasis added) Hall, 539 So.2d at 1364 (Hawkins, P.J., dissenting).
Now, using the logic of Hall, the dissent would obliterate a right the Legislature has bestowed upon persons criminally indicted, because it is "procedural." This is precisely what Kay, "The Rule-Making Authority and Separation of Powers in Connecticut," 8 Conn.L.Rev. 1 (1975), illustrated by the case of State v. Clemente, 166 Conn. 501, 353 A.2d 723 (1974). Hall, 539 So.2d at 1364, n. 18.
Of course, if Hall were correct, this Court would have the lawful authority the dissent asserts we have. The point, however, is this Court had no lawful authority to do what we did in Hall, and neither does it remotely have the authority the dissent claims. It is mind staggering to read that this Court has the authority to obliterate an invaluable right the Legislature has bestowed upon all persons under indictment because it is "procedural," and in our own superior wisdom we will on our own enact a better law  excuse me  "rule."
The dissent refers us to an "excellent discussion" in Herbert, Process, Procedure and Constitutionalism: A Response to Professor Page, 3 Miss.C.L.Rev. 45, 51-52, n. 32 (1982) (Dissent, p. 816). In deference, I find Professor Page, Constitutionalism and Judicial Rule-Making, 3 Miss. C.L.Rev. 1, Kay, supra, 1 Wigmore, Evidence, § 7 at 462-464 n. 1 (Tiller's Rev. 1983), and Ball, 60 Miss.L.J. 358 (1990) more persuasive.
Finally, after slapping the Legislature in the face as we did in Hall, the dissent, adding insult to injury to its argument, with a straight face informs us that "the legislature, as the voice of the sovereign people, deserves some deference on this matter." (Dissent, p. 816) Pray tell me what "deference" the dissent has shown the Legislature which, by this enactment, expressed the sovereign will of the people?
If the Legislature sees fit to grant this Court the authority on its own to discharge an accused when there has been no unconstitutional infringement on his rights to a speedy trial it, of course, has the power to do so. In the absence of such statutory grant of authority, however, we do not have it. To assert that somehow we have this authority is a blatant usurpation. We have the prerogative and the duty to declare when an accused has been denied the right to a speedy trial guaranteed by him by Article 3, § 26 of our Constitution, as well as the Sixth Amendment to the U.S. Constitution, and the same authority to determine when Miss. Code Ann. § 99-17-1 has been violated. That is as far as the lawful authority of this Court extends.
This Court has the authority and duty to protect rights of every litigant given him either by statute or the Constitution. No *816 court has the authority to remove any such right.
McRAE, Justice, dissenting:
I dissent from the majority opinion because I believe Miss. Code Ann. § 99-17-1 (Supp. 1990), commonly referred to as the 270-day rule, is of no force or effect as it violates the rule-making power of this Court, which has failed to implement a rule to define "speedy trial" as stated in Miss. Const. 1890, art. 3, § 26.
In Newell v. State, 308 So.2d 71 (Miss. 1975) (Patterson, J.), this Court reaffirmed that:
[t]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts.
Id. at 76. See also Hall v. State, 539 So.2d 1338, 1344-48 (Miss. 1989) (Robertson, J.).
In 1981, this Court entered an order adopting the rules and stated whenever any case or statute was violative of the rule-making power and the rules of this Court, it was void. See Order Adopting the Miss.R.Civ.P., May 26, 1981, and criminal rules.
Accordingly, this Court held in Hall v. State, 539 So.2d 1338, 1344-48 (Miss. 1989) the legislature exceeded its authority by enacting the Evidence of Child Sexual Abuse Act, Miss. Code Ann. 13-1-401, et seq. (Supp. 1988). This act defined "unavailability" for purposes of hearsay to include unavailability of a child at trial due to a substantial likelihood of traumatic emotional or mental distress. That definition was considerably broader than that under the Mississippi Rules of Evidence. Therefore, the Court held the Evidence of Child Sexual Abuse Act to be void. Id. at 1348.
There can be little doubt that judicial power includes the power to make rules of practice, procedure and evidence. Hall, 539 So.2d at 1345; Miss. Const. art. 6 § 144 (1890). Almost as clear is the proposition that the 270-day rule is procedural, as opposed to substantive, and, therefore, by promulgating it the legislature disregarded the fundamental concept of separation of powers.[1]See Southern Pacific Lumber Co. v. Reynolds, 206 So.2d 334, 335 (Miss. 1968) (Ethridge, C.J.).
This is not to say that we should not have a state speedy trial rule. This Court should promulgate one adopting a more flexible approach as in Barker v. Wingo, 407 U.S. 514 (1972). Such a rule could take into account the reasons behind the delay, the fact that courts are not in continuous session, whether or not the defendant requests a speedy trial, and other concerns.[2] Our Constitution of 1890, pursuant to art. 3, § 26, requires that a defendant be given a speedy trial; unfortunately, it is left to the court to define the section.
Moreover, the legislature, as the voice of the sovereign people, deserves some deference on this matter. See Hudspeth v. State Highway Comm'n, 534 So.2d 210, 213 (Miss. 1988) (Zuccaro, J.); Hall, 539 So.2d at 1346 n. 20.
Since Hall and the orders adopting the rules, litigants and their attorneys have had a problem determining which rule, which statute, and which case decisions are in conflict with our rules. Until this Court addresses that serious problem completely, revisits its decisions and states specifically which statutes and cases are in conflict with the rules, these problems will continue.
*817 For these reasons, I dissent from the majority opinion.
NOTES
[1] To keep the two cases distinct, the previous decision involving VanEtten and Flores will be referred to throughout this opinion as Flores (VanEtten).
[1] It may be "procedural" to members of this Court, but I would surmise it is rather "substantive" to the man who must suffer.
[1] For an excellent discussion of the very real difference between procedural and substantive see P. Herbert, Process, Procedure and Constitutionalism: A Response to Professor Page, 3 Miss. Coll.L.Rev. 45, 51-52 & n. 32 (1982).
[2] For example, it has not been firmly established whether docket congestion can be good cause for delay under the statute. Compare Yarber v. State, 573 So.2d 727, 728-29 (Miss. 1990) (Blass, J.), and Kinzey v. State, 498 So.2d 814, 817 (Miss. 1987) (Lee, D., P.J.) with Perry v. State, 419 So.2d 194, 199 (Miss. 1982) (crowded dockets count against the prosecution "less heavily") (Prather, J.); Bailey v. State, 463 So.2d 1059, 1062 (Miss. 1985) (Sullivan, J.) (same). Moreover, it is common knowledge that the present 270-day rule can be circumvented by merely postponing arraignment. Kinzey, 498 So.2d at 821 (Robertson, J., dissenting).