HAWKINS, Presiding Justice,
dissenting:
I join Justice Dan Lee in his dissent.
Art. 4, § 109 of the Mississippi Constitution in and of itself gave the Attorney General the right, and duty as well, to have a court declare the Ezra Towner, Jr., contracts null and void and recover in a civil action against him and his wife all sums paid. Smith v. Dorsey, 530 So.2d 5 (Miss.1988); Frazier v. State, ex rel. Pittman, 504 So.2d 675 (Miss.1987). Had this only been a civil action under § 109 to declare the contracts void and recover from Mr. and Mrs. Towner all sums paid him under his contracts, on this record a summary judgment would have been proper.
The Attorney General did not confine his suit to the remedies available to him in a suit under § 109. He also brought his action under Miss. Code Ann. § 25-4-101, et seq., the conflict of interest statutes governing public officials. These statutes, much more specific and detailed than § 109, give the State and courts additional powers and provide for additional penalties beyond those available in an ordinary civil case. These statutes also afford a defendant additional rights than those afforded a defendant in a purely civil action.
Art. 3, § 31 of the Mississippi Constitution provides:
Section 31. The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors may agree on the verdict and return it as a verdict of the jury.
Art. 4, § 109 of the Constitution provides:
Section 109. No public officer or member of the legislature shall be inter *1101 ested, directly or indirectly, in any contract with the state or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have a member, during the term for which he shall have been chosen, or within one year after the expiration of such term.
Miss. Code Ann. § 25-4-107 provides:
§ 25-4-107. Complaints; where brought; removal; initiated by; defendant’s right to jury trial.
(1) Any complaint for a violation of this article shall be brought in the circuit court of the county in which the violation occurred; provided, however, that upon the motion of the defendant such action shall be removed to the county in which the defendant resides. Any such complaint may be initiated only by the Mississippi Ethics Commission or the district attorney of the county in which the violation occurred.
(2) The defendant in any trial for a violation of this article shall have the right to a trial by jury; provided, however, that such defendant may, upon proper motion, waive his right to a trial by jury. A unanimous verdict of the jury shall be required for a finding of a violation of this article.
Miss. Code Ann. § 25-4-109 provides:
§ 25-4-109. Penalties; elected and nonelected public servants.
(1) Upon a finding by clear and convincing evidence that any elected public servant or other person has violated any provision of this article, a circuit court of competent jurisdiction may censure the elected public servant or remove the elected servant from office or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.
(2) Upon a finding by clear and convincing evidence that any nonelected public servant has violated any provision of this article, a circuit court of competent jurisdiction may censure, remove, suspend, or order a reduction in pay or demotion of the nonelected public servant or impose a civil fine of not more than five thousand dollars ($5,000.00) or both.
It is also worth noting that Miss. Code Ann. § 25-4-113 provides that the article shall not bar any other civil liability, and Miss. Code Ann. § 25-4-117 provides that the article shall be in addition to any criminal laws. The Legislature thus recognized that special remedies were provided the State, and special rights afforded defendants prosecuted thereunder.
First and foremost, it is clear that § 31 authorizes only the Legislature, not any court, to tamper in any way with the right to a trial by jury, and then only to the extent that the Legislature may provide that nine or more jurors may agree on a verdict in a civil ease.
In this case the Legislature specifically gave Mr. and Mrs. Towner the right to have their case tried by a jury, for the jury to be instructed that the evidence against them was “clear and convincing,” and all twelve jurors had to agree, not just nine. No court has any lawful authority to take this right away from the Towners, directly or indirectly.
It does not matter whether you call this case civil or “quasi-criminal.” The point is that the Legislature, which is the only body in this State authorized to alter in any way the “inviolate right” to trial by jury, has specifically and unquestionably given all persons charged under these statutes the right to have their case heard by a jury in which all twelve have to agree on the verdict. I fail to read anywhere in either of these statutes a provision that if a court concludes a person sued thereunder is guilty, it can enter a summary judgment against him and fine and remove him from office.
The simple question in this case is this: if the Legislature specifically by statute makes certain conduct illegal, can it also provide that violators of the statute shall have the right to trial by jury, that all twelve must agree on the verdict, and that the jury be instructed it can only find against the defendant upon “clear and convincing evidence,” not simply by a “preponderance of the evidence?” It is monstrous *1102 to suggest that the Legislature must also have this Court's approval for such rights to be guaranteed to a citizen of this State. For whatever reason, whether it was a good or bad one, the Legislature specifically gave these rights to the Towners. This Court in summarily holding such right does not exist does something far more dangerous to the citizens of this State than anything the Towners did. And just why is this precious right the people, speaking through the Legislature, has granted persons sued under the Act not worth the paper it is written upon? It interferes with one of our rules of procedure, that is why. Can a more astonishing usurpation be envisioned?
A partial summary judgment in this case declaring the Towner contracts void under § 109, and for the recovery from Mr. and Mrs. Towner of all sums paid him thereunder would have been proper. This would have been more in keeping with our Constitutional scheme of government. After entry of such partial summary judgment, the court could then have submitted to a jury their guilt or innocence of the statutes under proper instructions. In all likelihood the end result would have been the same, but whether it would or would not, they nevertheless had that right. This Court has eviscerated it.
STRANGE REASONING
We need to examine some astounding statements of the majority. (Majority Opinion, p. 11) Now if Miss. Code Ann. § 25-4-107 says anything, it says a citizen sued for some violation under the Act has a right to a jury trial and for the verdict to be unanimous. There is no way to express anything plainer than this.
How does the majority get around this? First, it tells the reader that “It is not at all clear our legislature would have the authority to preclude summary judgment” in this case, citing Newell v. State, 308 So.2d 71, 78 (Miss.1975). What’s that? Our Constitution does not authorize the people of this State to pass a law guaranteeing a trial by jury in a civil case? Only this Court can do that? Where is the authority for such a proposition in our Mississippi Constitution? According to the majority, the people must amend the Constitution to give themselves the right to guarantee a trial by jury in a civil case. I find this astonishing.
The majority’s citation of Newell as authority for its position is, to use the genetics of that case, to produce a Frankenstein.
This does not end the matter, however. Having told us it “is not at all clear that the Legislature has such authority,” it proceeds to insult the reader’s intelligence by assuring him or her that, “What is clear is the legislature has made no such attempt.” (Emphasis added) Does the majority think the reader cannot read?
There is, however, substantial authority from this Court for today's holding, conspicuously absent from the majority opinion. The unspoken, but true authority for the majority’s holding in this case is Hall v. State, 539 So.2d 1338 (Miss.1989), when we politely informed the Legislature it had neither the competence nor the authority under our Constitution to pass an evidentiary act in child sex abuse cases. Of course, if we had the authority to do what we did in Hall, we have the authority to again tell the Legislature it cannot guarantee a citizen a right to a trial by jury. Why didn’t the majority cite Hall?
With blitzkreig rapidity Hall was followed by McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989), and McCarty v. State, 554 So.2d 909, 913 (Miss.1989), when we informed the Legislature it had no authority to pass laws on the court procedures a convicted felon seeking to get out of the penitentiary must follow. Only this Court could do that, but we magnanimously “accepted” what the Legislature had enacted. Thence onto Blanks v. State, 542 So.2d 222, 225 (Miss.1989), when we held the Legislature could not enact a valid law on criminal procedure unless we “accepted” it, but again because what they had enacted was satisfactory to us, we “accepted” it.
These holdings, not Newell, are the true “authority” for today’s holding. See *1103 where we are headed? See how far we have come?
Of course, if we have the lawful authority for the above audacious holdings, then we have the authority, as Justice McRae recently wrote, to abolish the speedy trial statute, Miss. Code Ann. § 99-17-1, because it, too, is clearly “procedural.” Flores v. State, 586 So.2d 811, 816 (Miss.1991).
It does follow logically that if the Legislature has no authority to pass an eviden-tiary act in a criminal case, no authority to enact a statute governing rights of the accused and the prosecution in a criminal case, no authority to enact statutes on the procedure a man in the penitentiary must follow, all “invade” our “inherent” rule-making power and any act they pass is not worth the paper it is written upon unless we “accept” it, then this Court has the authority to hold what it does today.
By this Court's decree the people of this State have no right under our Constitution to have their Legislature pass a law on evidence in a criminal case, no authority to pass laws governing the rights of the accused and State in criminal prosecutions, no authority to enact statutes governing felons who seek to get out of prison. Nor can the people guarantee a right to trial by jury for a violation of a statute. We need not trouble ourselves to examine whether what they have written is unconstitutional. The very act of the Legislature in enacting, and the act of the Governor in signing such a law is beyond their authority under the Constitution.
In Hall v. State, 539 So.2d at 1364, I attempted to warn, “[T]he sole power to make rules of practice is the power to decide all cases long before they ever arise. By rules we can make it almost impossible to convict, or else almost impossible to acquit.”
WHAT SHOULD BE DONE IN THIS CASE?
In this case the summary judgment could be affirmed in part. A partial summary judgment declaring the Towner contract void and awarding judgment against Mr. Towner for the compensation he was paid is clearly proper, for that is authorized under § 109, without any aid from Miss. Code Ann. § 25-4-101, et seq.[1] But no court has the Constitutional authority to grant summary judgment over and beyond this, and to hold that we do is a usurpation. As to any rights and remedies of the State beyond this, I would remand for proceedings before a jury.

. A judgment could also have been rendered against Mrs. Towner as well for the amount paid her husband. Smith v. Dorsey; Frazier v. State.