CITY OF JACKSON *v.* LEE

No. 40918 November 24, 1958 106 So. 2d 892

504

*E. W. Stennett, W. T. Neely,* Jackson, for appellant.

*McLendon & McLendon,* Jackson, for appellee.

506

ROBERDS, P. J.

Bailey Avenue Extension runs north and south and Mayes Street runs east and west in the City of Jackson, Mississippi. They intersect and cross in the northwesterly part of the City. On October 21, 1955, Lee, the appellee and cross-appellant, was the owner of a lot located at the southwest juncture of said two streets. That lot extended along the south boundary of Mayes Street 165 feet and along the west boundary of Bailey Avenue Extension 58 feet. Lee had constructed upon the lot a brick building in which a store and gasoline pump were being operated. The building faced east upon Bailey Avenue Extension. About twenty-two feet of the Lee lot lay between the eastern wall of the building and the west line of Bailey Avenue Extension. The gasoline pump was located upon that part of the Lee lot.

On said date, October 21, 1955, the City of Jackson instituted eminent domain proceedings to condemn and acquire title to some ten to fifteen feet off of the eastern part of the strip of land lying between the store building and the west line of Bailey Avenue Extension. Lee engaged counsel, answered the petition filed by the City and made preparations to defend the eminent domain proceedings. On May 20, 1957, the City dismissed the condemnation proceedings.

In July 1957, Lee filed the bill in this cause. The bill sought to recover from the City (1) damages for trespass upon the strip of land attempted to be, but which was not, condemned; (2) punitive damages; (3) counsel fees; (4) appraisal fees; (5) compensation for his own time, all resulting from the filing of the eminent domain proceedings; and (6) for a permanent injunction restraining the City from trespassing on said strip of land sought to be condemned.

The City, in its answer, admitted the institution and dismissal of the eminent domain proceedings; denied that Lee was entitled to an injunction and denied he was

entitled to recover damages, or a personal decree, for counsel fees, or other expenses, resulting from any alleged trespass, or institution of the eminent domain proceedings, by the City.

The chancellor, in his decree, allowed Lee $1,050 damages for trespass to the date of the trial, figured on the basis of $25 per month depreciation in the rental value of the property for forty-two months, and provided that such "* * * damages shall continue to run at the said sum of $25.00 per month as long as the City continues to make use of this piece of property in the fashion in which it has been using it during the past 42 months"; allowed Lee $400 counsel fees and $100 to pay for services of appraisers. He denied the other relief for which Lee prayed in his bill.

The City prosecuted a direct appeal, and Lee a cross-appeal, from that decree.

 On the direct appeal, the City contends that the proof is not sufficiently definite and specific as to acts of trespass upon the Lee lot by the City, and the damage to Lee, to justify allowance by the chancellor of damages to Lee. There is evidence that the City has exercised control over the ten-foot strip for a number of years; that it has graded said strip weekly; that it changed the level of the plot of ground as compared to the level of Bailey Avenue Extension, rendering the store building and the gasoline pump less accessible to customers at this place of business; that, in the process of grading the lot, a tree, located at the northeast corner of the lot, was pulled down and removed. There was also evidence that, as a result of activities of the City on this lot, plate glass was broken in some of the windows in the store building. L. B. Hilburn, a real estate dealer and expert appraiser, testified that the Lee property, undisturbed, would have a rental value of $160 to $175 per month, whereas it was being rented by Lee, under the disturbed conditions, resulting from the act of the City, for $125 per month, the

tenant paying insurance and taxes. In 15 Am. Jur., Damages, Section 129, p. 537, the rule is stated in this language: "A recovery may generally be had for the loss of the use of specific property where the reasonable worth of such use may be shown with fair certainty * * *" We are of the opinion that the chancellor was amply justified in concluding that the trespasses and damages resulting therefrom were shown with fair certainty in this case.

■■■ However, the part of the decree, as shown by the quotations therefrom set out above, assessing and fixing future damages, was not justified. Such damages, if any, will have to be determined by the conditions arising and existing in the future, both as to nature and extent of the acts of trespass, and the extent of the damage which may result from such trespass. Facts and circumstances, and the duties, rights and liabilities arising out of them must be ascertained and determined in the future as and when resort may be had to the courts for that purpose. Such future facts and rights could not be known in this case when the decree was entered herein. The part of the decree undertaking to decree future damage against the City will be eliminated.

■■■ The City says that the chancellor based his findings and rendered his decree upon his personal knowledge of the facts of this case, not upon the evidence and testimony which was adduced before him at the trial. The City is correct in its contention that a trial judge cannot do that. This Court has held that a number of times. Smith v. Moore, 3 Howard 40; Gillespie v. Doty, 160 Miss. 684, 135 So. 211; Hester v. Bishop, 193 Miss. 449, 10 So. 2d 350; Wisdom, et ux v. Stegall, 219 Miss. 776, 70 So. 2d 43; McBride v. State, 221 Miss. 508, 73 So. 2d 154. See also the rule as stated in 31 C. J. S., Evidence, Sec. 11, p. 516. The deciding question is whether the record shows that the chancellor based his findings

and conclusions upon his personal knowledge of the facts.

The only evidence in the record that the private knowledge of the chancellor influenced his decision is contained in this statement made by him as a part of his oral opinion: ''It just so happens that this Court has traveled over that street and stopped at this point about every Monday night for the past three years in going to and from the Military District for Army Reserve Training and is fully familiar with the particular piece of street in controversy here.''

It will be noted that the chancellor, in that remark, did not go into any details. He said he was ''fully familiar with the particular piece of street in controversy here.'' That did not mean that he was familiar with all the pertinent facts bearing upon the rights of the parties hereto. They were much more extensive than the mere appearance of the street. But the rest of the oral opinion shows conclusively, we think, that while the chancellor was familiar with the street, he based his findings and conclusions upon the evidence and testimony introduced before him. He used these expressions: ''It is very apparent to this court from the proof here * * * The picture offered in evidence here as Exhibit C-2 clearly discloses * * * A study of the plat which is admitted into evidence * * * taken with the photograph, Exhibit C-2, clearly discloses * * * the proof here shows * * * The court is firmly of the opinion from the evidence here presented * * * From the evidence which has been presented here * * * That the complainant under the evidence * * *'' In addition to the foregoing remarks, the opinion of the chancellor frequently refers to what this or that witness said, sometimes calling them by name. It is clear to us that the findings of the chancellor were not founded upon his presonal knowledge, but, on the contrary, were based entirely upon the evidence introduced before him. We adhere strictly to the rule announced

in the cited cases but we are fully satisfied it has no application to the circumstances of this case.

The City contends that the municipality was not liable for the payment of counsel and expert witness fees incurred in an eminent domain proceeding. It cites a number of cases and texts announcing the rule that governmental subdivisions are not liable for such fees in eminent domain proceedings unless the statute in express terms or necessary implications imposes such liability. That is unquestionably the rule █ but we think Sec. 2775, Miss. Code 1942, Recompiled, necessarily imposes such liability. That statute provides, among other things, that "* * * in case the suit shall be dismissed by the plaintiff * * * the defendant may recover of the plaintiff in an action brought therefor, all reasonable expenses, including attorneys' fees, incurred by him in defending the suit." Certainly "plaintiff", by the natural meaning of the word, would include municipalities. Sec. 2749, said Code, provides that the right to condemn private property for public use shall be exercised as provided in Eminent Domain Chapter of the Code, "except as elsewhere in this Code specifically provided." We do not find any other provision specifically dealing with the obligation of plaintiff to pay "attorneys' fees" and "reasonable expenses" in eminent domain proceedings except that provided by said Sec. 2775. If the power of eminent domain is exercised by a municipality, it must be done in accordance with said Sec. 2775.

In City of Jackson v. Williams, 92 Miss. 301, 46 So. 551, the Court said: "The right which a municipality has to take or damage private property for public use is no greater because it has an element of sovereignty in it than is that of any other person or corporation having the eminent domain power. No milder or more liberal rule of interpretation of the constitution will be indulged in where the taking or damaging is done by a municipality than is to be applied to all alike. The private citizen is

no more called upon to allow his property to be taken or damaged for a public use by a municipality without adequate compensation than he is required to submit to the taking or damage by any other corporation.''

In State Highway Commission v. Mason, 192 Miss. 576, 4 So. 2d 345, this Court held that in eminent domain proceedings the State Highway Commission was liable for costs and interest and damages just as a private corporation would be in such a proceeding.

The case of City of Jackson v. Mrs. Minta J. Wear, 176 So. 599 (Miss.), appears to settle the question that a municipality is liable for the fees and expenses imposed by said Sec. 2775. No opinion was written in that case but we have examined the original record on file in this Court. It appears that the City of Jackson instituted eminent domain proceedings in the County Court of Hinds County to condemn and acquire title to a lot owned by Mrs. Wear in the City of Jackson. The jury fixed the value of the lot at $2,000, and a judgment was accordingly entered. The City appealed the case to the Circuit Court of said County. Before the case came on for trial in the circuit court, the City dismissed the proceedings. Thereupon, Mrs. Wear brought a suit in the Circuit Court of said County to recover $500 attorney's fees and for fees of two expert witnesses incurred by her in the eminent domain proceedings. The jury returned a verdict in favor of Mrs. Wear for the attorney's fees, evidently being of the opinion that, on the merits, the fees of the expert witnesses should not be allowed. On appeal to this Court, the case was affirmed, thereby establishing the liability of the municipality for the attorney's fees.

Sec. 2775 places liability for payment of ''reasonable expenses'' by plaintiff in the same category as liability for payment of attorney's fees.

Lee, as cross-appellant, raises a number of questions, as above shown. We have carefully examined all of them and are of the opinion none are well taken.

The decree entered herein will be affirmed except there will be eliminated therefrom the provision imposing upon the City the payment to Lee of $25 per month after the date of the decree. The costs of the appeal will be divided equally between Lee and the City.

Affirmed in part; reversed in part and judgment entered here.

*Holmes, Lee, Kyle* and *Arrington, JJ.,* concur.