GRIFFIN, Justice,
for the Court:
This is an eminent domain case. There was a jury verdict awarding the Dorrills damages in the amount of $27,505.80. The *1334 circuit judge entered a remittitur of $12,-505.80 or in the alternative a new trial on damages. The landowners appeal here.
We think the judge erred and reverse. The evidence here may be briefly summarized. The highway department has taken .14 acre out of a .34 acre tract fronting on Highway 16 in the City of Carthage, for the purpose of widening the highway. The portion taken has 177 feet frontage on the highway and is approximately 34.5 feet deep, leaving the balance of the lot very shallow with very little room for future construction when a city ordinance concerning set-backs is obeyed. One witness testified that the value of the remaining portion was only $5,000. The highway department’s statement of values was the sum of $9,575; the court-appointed appraiser placed the value at $35,000 and the owners said the damages should be in the sum of $50,000. All appraisers agreed that the property’s best use was commercial. The judge in entering a remittitur stated the following:
My judgment is not based upon the thoughts of the parties in this lawsuit, but is dictated entirely upon what I think the evidence indicated, and the law that’s applicable to each case. In the Dorrill case, that was unimproved property in a residential area on the south side of the road, adjacent to no commercial properties. It’s contended that it’s valuable commercial property by reason of its location across the street from the Wal-Mart and the Bank of Carthage branch bank. This Court viewed the property, and it was property that is within a subdivision, and the property immediately south of it is also owned by the Dorrills, or his two daughters. This property, although located across from Wal-Mart is something like four to five feet lower than the road bed of existing Highway 16. To make this valuable property as a commercial property, there must be considerable expenditure to raise the earth level. The jury returned its verdict finding due compensation in the amount of $27,505.80. It is the opinion of this Court that verdict was excessive, in that the verdict was influenced to such an extent that it was an excessive verdict. Therefore, the Court will order a remit-titur ....
It is true that we should not disturb the trial court’s finding unless manifestly wrong. However, trial judges may not disregard the evidence since the awards fixed by juries are not advisory and should not be set aside “except where so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable and outrageous.” Schoppe v. Applied Chemicals Div., etc., 418 So.2d 833 (Miss.1982). “Judges cannot sit as jurors, and the question before them is never what they would have done sitting as a juror but whether, considering the evidence in the light most favorable to the non-moving party, together with all reasonable inferences which may be drawn therefrom, the court should disturb the jury verdict.” Holmes County Bank & Trust v. Staple Cotton Co-op, 495 So.2d 447 (Miss.1986).
It should be noted here that the circuit judge did not make a finding that the jury was influenced by bias, passion or prejudice, or that the damages awarded were contrary to the overwhelming weight of the credible evidence. In this scenario, the language of Judge D. Lee in McIntosh v. Deas, 501 So.2d 367 (Miss.1987) is applicable:
Miss.Code Ann. § 11-1-55 (Supp.1986) provides a statutory constraint to altering a jury’s verdict. The statute provides, in pertinent part:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remit-titur be not accepted then the court may direct a new trial on damages only, [emphasis added] *1335 Id. A finding of one of the conditions listed in the statute is a condition precedent to ordering a new trial unless a remittitur is accepted. We hold, therefore, that before the trial judge may usurp the jury’s function in setting a damage award, he must comply with the language of the statute and find either: 1) that the jury’s verdict is so shocking to the conscience that it evinces bias, passion, and prejudice on the part of the jury; or 2) that the verdict was contrary to the overwhelming weight of the credible evidence. Absent either of these findings, the trial court abuses its discretion in ordering a new trial based upon the non-acceptance of an additur or re-mittitur.
In this case, the court below did not make the requisite findings to justify the order of a new trial unless a remittitur of $35,000.00 is accepted. The order merely stated that, “After weighing all the factors it is the Court’s opinion that a remittitur should be granted....” This language did not comply with the statutory requirements, and, thus, the trial court was without authority under § 11-1-55 in ordering a new trial conditioned on the refusal of the remittitur and abused its discretion in so doing.
Therefore, following what we have heretofore stated, we reverse the trial court’s order and reinstate the jury verdict.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.