541 So.2d 1023 (1989)
STATE HIGHWAY COMMISSION OF MISSISSIPPI
v.
R.L. HAYES, et al.
No. 57696.
Supreme Court of Mississippi.
March 22, 1989.
*1024 Vernon R. Cotten, Carthage, for appellant.
Dexter C. Nettles, Jr., Smith & Smith, Carthage, for appellees.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This case presents this Court with yet another opportunity to review the Mississippi State Highway Commission's widening of Highway # 16 in Leake County. Mr. and Mrs. Hayes are the owners of a triangular shaped 2/10ths of an acre tract of land located in the City of Carthage on the south side of Highway # 16. The property had approximately 195.2 feet of frontage along Highway # 16 with the depth at its deepest side of 91 feet. The property was elevated to highway level and was being used as a service station. The front half was condemned pursuant to the "quick take" eminent domain statutes found in Section 11-27-81, et seq., Mississippi Code Annotated (1972), as Amended. During the course of the proceedings the jury was taken to see the property in question and the surrounding area. When the case was submitted to the jury, it returned a verdict of $40,000.00 for the landowners. The Hayes filed a Motion for Judgment Notwithstanding the Verdict or in the alternative, a Motion for a New Trial. On June 16, 1986, the trial court entered its order sustaining the motion of defendants for judgment notwithstanding the verdict and granting a new trial. In this judgment, the court held that the verdict of the jury in this cause was grossly inadequate and unconscionable and thereby granted an additur of $25,000.00, bringing the total verdict to $65,000.00, or in the alternative, a new trial. The Commission promptly filed its rejection of additur and has now appealed to this Court assigning one error:
1. The lower court erred in disturbing the findings of the jury by entering an additur of $25,000.00, thereby increasing the award from $40,000.00 to $65,000.00.
The Hayes cross-appeal and assign the following as error:
1. The trial court erred in ruling that the cross-appellants would not be allowed to call the court appointed expert appraiser as a witness in the trial of this cause;
2. The court erred in entering its order of discovery dated the 6th day of November, 1985, and further its order dated June 11, 1986, for the reason that these orders of the court so limited discovery in this case as to effectively deny the cross-appellants the right of discovery provided by the Mississippi Rules of Civil Procedure; and
*1025 3. The trial court erred in overruling the cross-appellants' motion for the court to award the cross-appellants' attorneys fees, expert witness fees and other expenses of litigation in this cause.

DIRECT APPEAL

I.

DID THE TRIAL COURT ERR IN DISTURBING THE FINDINGS OF THE JURY BY ENTERING AN ADDITUR OF $25,000.00, THEREBY INCREASING THE AWARD FROM $40,000.00 TO $65,000.00?
At trial, the State presented its staff appraiser who valued the lot and improvements before the taking at $41,820.00. He assessed the damage to all improvements at $28,140.00 and the difference in value of the lot before and after the taking at $9,325.00 for a total compensation due of $37,465.00.
The landowners presented a Carthage Real Estate Appraiser, Mr. Thomas Ruffin, who valued the lot and improvements before the taking at $107,000.00. He determined a value of the land after the taking of $16,250.00 which when added to the $3,000.00 estimated salvage value, gave total compensable damage in the amount of $86,000.00.
Landowners also called a Carthage businessman who testified that the proper measure of the value of the property was by front foot rather than the square foot valuation used by the Highway Commission.
The testimony of the court appointed expert appraiser, Earl L. Locke, was correctly excluded by the trial judge. See cross-assignment of error No. I. That expert had already appraised the compensable damage at $113,000.00.
The jury returned a verdict for the landowners in the amount of $40,000.00.
This Court has spoken frequently on the scope of appellate review under Section 11-7-213, Mississippi Code Annotated (1972), as Amended. Our review is limited to determining whether the trial court abused its discretion in granting a motion for new trial where, as here, the condemnor refuses to accept an additur. City of Jackson v. Ainsworth, 462 So.2d 325, 327 (Miss. 1984). In determining whether the trial court abused its discretion, we ask whether the verdict of the jury is "so paltry as to evince bias, passion or prejudice." Id. This strict view is especially compelling where, as here, the jury viewed the premises, and heard credible, albeit it conflicting, testimony from several witnesses. Mississippi State Highway Commission v. Taylor, 293 So.2d 9, 10 (Miss. 1974).
This Court also recently addressed the issue of additur and remittitur in eminent domain cases in Dorrill v. State Highway Commission, 525 So.2d 1333 (Miss. 1988) (remittitur overturned where trial judge made no express finding of passion or prejudice or conflict with the overwhelming weight of the credible evidence), and State Highway Commission v. Warren, 530 So.2d 704 (Miss. 1988) (additur overturned where trial judge based his order on an inadmissible, outside the record settlement offer). The trial court's order, tracks the language used by this Court in Schoppe v. Applied Chemicals Division, 418 So.2d 833 (Miss. 1982), and by the legislature in Section 11-1-55, Mississippi Code Annotated (1972), as Amended.
The damages awarded the landowners are so grossly inadequate as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous, and such as to manifestly show the jury to have been activated and influenced by bias, prejudice, partiality and passion, and that the damages awarded were contrary to the credible evidence, and the verdict is so inadequate as to shock the conscience of the court ...
Of course, this Court will not disturb the trial court's finding unless manifestly wrong, but the trial judge should not judge the jury's verdict based on what he would have done had he been a juror. Holmes County Bank & Trust v. Staple Cotton Cooperative Assoc., 495 So.2d 447, 451 (Miss. 1986). Although the judge, in this case, used more specific language in his order than he did in the Dorrill case, it is clear that he based his decision on the same kinds of facts, i.e., his opinion of the value of the property. There was substantial *1026 evidence to support the jury's verdict and the judge abused his discretion in overturning that verdict. The additur awarded by the trial court is reversed.

CROSS-APPEAL

I.

DID THE COURT ERR IN RULING THAT THE CROSS-APPELLANTS WOULD NOT BE ALLOWED TO CALL THE COURT APPOINTED EXPERT APPRAISER AS A WITNESS IN THE TRIAL OF THIS CAUSE?
This Court has answered this question in Hudspeth v. State Highway Commission of Mississippi, 534 So.2d 210 (Miss. 1988). In the Hudspeth case which controls here, we held that the trial court acted properly in not allowing the landowner to call the court appointed expert appraiser as a witness during the trial of the case. There is no merit to this assignment of error.

II.

DID THE COURT ERR IN ENTERING ITS ORDER OF DISCOVERY DATED THE 6TH DAY OF NOVEMBER, 1985, AND FURTHER ITS ORDER DATED JUNE 11, 1986 FOR THE REASON THAT THESE ORDERS OF THE COURT SO LIMITED DISCOVERY IN THIS CASE AS TO EFFECTIVELY DENY THE APPELLANTS THE RIGHT OF DISCOVERY PROVIDED BY THE MISSISSIPPI RULES OF CIVIL PROCEDURE?
This exact issue on these exact discovery questions with the exact same ruling by the same trial judge on the same day were presented to this Court in Hudspeth. Based on our ruling in State Highway Commission of Mississippi v. Havard, 508 So.2d 1099 (Miss. 1987), and Hudspeth, we are of the opinion that the trial court unduly restricted discovery in this case and we therefore reverse and remand for a new trial.

III.

DID THE TRIAL COURT ERR IN OVERRULING THE CROSS-APPELLANTS' MOTION FOR THE COURT TO AWARD TO THE CROSS-APPELLANTS' ATTORNEYS FEES, EXPERT WITNESS FEES AND OTHER EXPENSES OF LITIGATION IN THIS CAUSE?
In Jackson Redevelopment Authority v. King, 364 So.2d 1104 (Miss. 1978), this Court ruled that the issue of attorneys fees in eminent domain proceedings involves the definitions of "just compensation" required by the Fifth Amendment to the U.S. Constitution and "due compensation" required by Section 17 of our Constitution. 364 So.2d at 1107.
The United States Supreme Court has ruled that "compensation to cover a landowner's litigation costs is a matter of legislative grace rather than constitutional command." U.S. v. Bodcaw Co., 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979), citing the familiar doctrine that "just compensation is for the property and not to the owner." 440 U.S. at 203, 99 S.Ct. at 1066.
The Mississippi rule was stated in City of Jackson v. Lee, 234 Miss. 502, 106 So.2d 892 (1958):
Governmental subdivisions are not liable for such fees in eminent domain proceedings unless the statute in express terms or necessary implications imposes such liability.
234 Miss. at 511, 106 So.2d at 896.
Absent some indication from the legislature, this Court is not prepared to extend to the landowner the right to litigation expenses. This assignment of error is without merit.
This case is reversed and remanded for a new trial.
REVERSED ON DIRECT APPEAL. REVERSED AND REMANDED ON CROSS-APPEAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.