617 So.2d 265 (1993)
Dudley M. MAPLES
v.
MISSISSIPPI STATE HIGHWAY COMMISSION, Paul Bolen and Lauderdale County, Mississippi.
No. 90-CC-1212.
Supreme Court of Mississippi.
April 8, 1993.
Rehearing Denied May 27, 1993.
*266 Arlo Temple, Meridian, for appellant.
Robert M. Logan, Jr., Logan & May, Newton, William E. Ready, Jr., Ready & Associates, Meridian, for appellees.
Before HAWKINS, C.J., and McRAE and ROBERTS, JJ.
McRAE, Justice, for the Court:
This is an appeal from a jury verdict in favor of Dudley M. Maples in the Lauderdale County Special Court of Eminent Domain. The State Highway Commission ("the Commission") sought to condemn a portion of Maples' property for purposes of a highway expansion project, offering Maples fair market value for the affected tract. Maples filed a Statement of Values which included not only a claim for the fair market value of the land taken, but also for damages to the remainder resulting from diminished access. The jury awarded Maples more than the Commission proposed to pay, but substantially less than Maples demanded. Maples appeals, assigning eight (8) errors, arguing generally that he did not receive a fair trial, that the jury award was insufficient, that Lauderdale County should not have been a named defendant, and that the court erred in not allowing him to recover expenses and attorney's fees for the defense of the suit. Finding no reversible error, we affirm.

FACTS
On February 25, 1987, the Mississippi State Highway Commission filed a petition for condemnation of real property in the Lauderdale County Special Court of Eminent Domain. The petition named Dudley Maples, landowner, and Paul Bolen, lessee, as defendants. The trial court later added Lauderdale County as a petitioner upon motion by the Commission. The proposed highway construction project involved the expansion of Mississippi Highway 19 to a four-lane highway and the reconstruction of the intersection of Highway 19 with a county-maintained road. Maples' affected property is situated in the Southwestern corner of the intersection of Highway 19 and Boyette-Staddard Road. The property contains a total of 1.60 acres and boasts a combination convenience store/gas station operated by lessee Paul Bolen.
*267 
Of the 1.60 acres which Maples owns, the petition sought to condemn a fee interest in 0.03 acres and a temporary easement in 0.01 acres. Maples claimed that access to his property would be significantly reduced by the proposed construction of curbing along the perimeter of his land. At the time of trial, traffic gained access to the property along the entire northern boundary with Highway 19 and along the entire eastern boundary with the county road. The construction project, however, called for the construction of concrete curbing along the entire northern and eastern edges of the property except for two fifty-foot-wide openings onto the east-bound lanes of Highway 19. A proposed median would separate the east-bound lanes of Highway 19 from the west-bound lanes, so vehicles traveling west and desiring to enter Maples' property would be required to proceed to the next break in the median  about 800 feet west of the intersection with the county road  and double back. Likewise, persons who traveled on the county road and wished to enter Maples' property would be required to travel west on Highway 19 and double back since the curbing would prevent vehicles from entering directly from the county road.
On June 10, 1987, the Commission filed a Statement of Values showing the fair market value of the property condemned as $500.00 with no damages to the remainder. Maples filed a Statement of Values on October 12, 1987, asserting a value of $1,000.00 "for the land taken and $500.00 *268 for the easement taken" and damages to the remainder of $149,250.00. Maples later amended his Statement of Values by raising the assessment of damage to the remainder to $164,175.00.
The matter went to trial first on July 25, 1988, but a mistrial resulted. The second trial, the one from which Maples perfects this appeal, occurred on October 29, 1990. The jury, by unanimous vote, awarded $8,300.00 to Maples and his lessee.

I.

LAUDERDALE COUNTY WAS PROPERLY INCLUDED AS A PARTY PETITIONER.
The Commission moved on two occasions prior to trial to join Lauderdale County, but the trial court overruled both motions. On the second day of trial, however, the trial court decided that the county should be made a party since the project proposed to cut off all vehicular access between Maples' property and the county road. Accordingly, the court asked the Commission to file another motion to that effect, and, upon hearing the motion, entered a judgment joining Lauderdale County as a party petitioner. Maples argued that adding the county as a party created an "unnecessary burden" on the defense, created a potential for confusion of the jury, and thus denied him a fair trial.
The Commission asserted that, since Maples could potentially seek compensation from the county for the reduced access from the county road, the county was properly joined as a "person needed for just adjudication" under MRCP 19(a). See Stigall v. Sharkey County, 207 Miss. 188, 42 So.2d 116 (1949) (county can still be held liable for negligent construction even where State Highway Commission performs construction). Rule 19(a) provides:
A person who is subject to the jurisdiction of the court shall be joined as a party in the action if . .. (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest.
Maples never went so far as to say that the county was free from liability nor that he was prejudiced by the late entry by the county. He argued, however, that joinder was unnecessary since the Commission had agreed in writing to indemnify the county for any liability it might incur. The writing to which Maples refers, styled "General Agreement For Highway Construction and Contract And Agreement," provided that the Commission would hold the county harmless from "any and all damages or claims of damages of third parties arising or to arise as a result of this agreement or any act of the Highway Department done in connection with the construction or maintenance of said project." Maples appeared to be saying that since the county could look to the Commission for reimbursement should it ever find itself liable to Maples, then there was really no point in having the county participate in this suit. The assignment of error has no merit.

II.

THE TRIAL COURT DID NOT ERR IN ITS TREATMENT OF A 1941 DEED.
Maples' predecessor executed a deed conveying to the Commission the right-of-way on which the original Highway 19 is situated. During the course of the proceedings below, the Commission twice offered motions in limine asking the trial court to exclude evidence of damages for loss of access to Highway 19 on grounds that the proposed construction constituted non-compensable improvements made within the scope of police power and, alternatively, that the compensation paid in consideration for the 1941 right-of-way covered not only damages arising out of the 1941 construction but also those arising out of subsequent improvements. The trial court overruled both motions. When the Commission contended in opening argument that consideration paid in 1941 covered any compensation owing for the improvements at issue here, the trial court sustained Maples' objection.
Maples suggested that if the jury was left with the impression that the Commission *269 enjoyed outright ownership of the strip of land on which Highway 19 is located, then the jury might have decided that the Commission had the right to do with the land whatever it wished without paying compensation to Maples. The jury, however, returned an award of damages for loss of access, albeit not in the amount Maples hoped to recover. The trial court allowed Maples' expert witnesses to testify concerning damages from loss of access. Estimations of the total fair market value of the condemned property ranged from $500.00 (the Commission's figure) to $1,500.00 (Maples' figure). The jury awarded $8,300.00, or about $6,800.00 in excess of the highest of the contested market values of the condemned property. Clearly, the jury was aware of its power to award Maples' compensation for damages to the remainder of his land. We find no error on this issue.

III.

NO ERROR WAS COMMITTED WITH RESPECT TO REASONABLE ACCESS.
Over Maples' objections, the trial court allowed the Commission to put on evidence that the proposed construction would leave Maples with "reasonable" access to his property, and to argue that if Maples had reasonable access, he was not due compensation for the loss of unlimited access. We find that the trial court's rulings were well-grounded in established Mississippi law. In Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1244 (Miss. 1985), the Court stated:
To be sure, access is of value and its taking is subject to our eminent domain laws. Mississippi State Highway Commission v. Finch, 237 Miss. 314, 321, 114 So.2d 673, 675 (1959). Our original case on this subject, Muse v. Mississippi State Highway Commission, 233 Miss. 694, 706, 714, 103 So.2d 839, 843, 847 (1958), recognizes that, even though a property owner's access is altered, the jury may find that the owner was not damaged by the taking of the right of direct access to the main lanes of a highway if the frontage road afforded reasonable access to the remaining property of the owner.
(Emphasis added).
Of course, the jury did in fact find that Maples was due an award of damages. Maples' real complaint throughout this appeal is that the jury should have awarded him more. The amount of damages, however, has little to do with question of whether Maples was left with "reasonable" access to his property. The reasonableness question bears instead upon whether the landowner is due any compensation at all. The jury clearly resolved that point in Maples' favor.

IV.

THE EFFECT OF CONTROLLING AND RESTRUCTURING ACCESS TO PROPERTY WAS REASONABLE.
Maples argues that the trial court should not have permitted the Commission to argue that he was due no compensation since the improvements it proposed to construct consisted primarily of the median between the east-bound and west-bound lanes of the expanded Highway 19, an area situated on the Commission's pre-existing right-of-way.
Maples cites a number of cases in which the Court has found loss of access to be a compensable injury in condemnation cases. See Smith v. Mississippi State Highway Commission, 183 Miss. 741, 184 So. 814 (1938) ("The diminution of the value of abutting property by interference with ingress and egress to and from it is damage within the meaning of the Constitution"); Funderburk v. Mayor and Board of Aldermen, 117 Miss. 173, 78 So. 1 (1918) (landowner entitled to damages where city impaired ingress and egress to abutting property by raising grade of street); Robinson v. City of Vicksburg, 99 Miss. 439, 54 So. 858 (1911) (landowner entitled to damages to property for change of grade in street).
The Commission, however, argued that it was merely exercising its police power in *270 regulating access to the Maples' property. The appraiser for the Commission did not assign any value to the taking of the access. He testified (1) that he did not consider a loss of access in his appraisal due to the work being performed on existing right-of-way, and (2) that the change in the access, in the long run, did not de-value the property.
The Commission responds by citing numerous cases in which this Court has held that a landowner is not due compensation for diminution of access where the action taken by the state constitutes a reasonable exercise of police power and where the owner is left with reasonable access. See Mississippi State Highway Commission v. Hale, 531 So.2d 623 (Miss. 1988) (owner not due compensation where he retained reasonable access to property after construction of curbs and islands). The Commission also cites Muse v. Mississippi State Highway Commission, 233 Miss. 694, 103 So.2d 839 (1958), in which the Court held that an abutting owner is not entitled to compensation for a reasonable exercise of police power and further stated: "[A]butting landowner's right of access and use are subject to the right of the state under the police power to regulate and control the traffic on the highway in the interest of safety, and to restrict in a reasonable manner entrances from abutting property." 233 Miss. at 714, 103 So.2d at 847. The argument over whether Maples is due compensation or not is merely academic. The jury decided he was entitled to an award of damages.

V.
Maples next contends that the trial court erred in granting Instruction P-11. The jury instruction in issue follows:
The Court instructs that in assessing Defendant's damages, you shall not consider any elements of inconvenience or other elements which are speculative and remote.
Maples contended that the instruction was confusing and misleading because the jury might have thought that "inconvenience" and "loss of access" were synonymous. The case law on this point is somewhat ambiguous.
In Mississippi State Highway Commission v. Stout, 242 Miss. 208, 220, 134 So.2d 467, 471 (1961), the Court found that a trial court did not err by denying a similar instruction. The Court noted that although "Appellee was not entitled to recover anything for inconvenience as a separate item of damage, ... it would have been error to give the instruction ... [since] [s]everance damage is closely related to inconvenience." In a more recent case, however, the Court approved the granting of such an instruction. See Smith v. Mississippi State Highway Commission, 423 So.2d 808 (Miss. 1982).
Even if the trial court erred in granting Instruction P-11, the error was harmless because, if the jury had been misled into believing that they could not award damages for loss of access, then its verdict could not reasonably have exceeded $1,500, the upper value of the condemned property's disputed fair market value. The argument is without merit.

VI.
Maples assigns error to the trial court's denial of six jury instructions which pertained directly or indirectly to loss of access as an element of damages which were excluded by the trial court. Maples was apparently concerned about the distinction primarily because he feared that the jury might not award damages for loss of access if they thought that the Commission held in fee the property on which the proposed median and curbs would be constructed.
Maples cites no authority and provides little argument in connection with this issue. Consequently, we do not consider it. See R & S Development, Inc. v. Wilson, 534 So.2d 1008 (Miss. 1988). However, as can be seen from the verdict, the jury did award damages for loss of access.

VII.
Maples next asserts that the trial court erred in not allowing him to recover *271 expenses and attorney's fees for defense of the suit. State Highway Commission v. Hayes, 541 So.2d 1023 (Miss. 1989), completely disposes of this issue. In Hayes, we stated:
The United States Supreme Court has ruled that "compensation to cover a landowner's litigation costs is a matter of legislative grace rather than constitutional command." U.S. v. Bodcaw Co., 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979), citing the familiar doctrine that "just compensation is for the property and not to the owner." 440 U.S. at 203, 99 S.Ct. at 1066.
The Mississippi rule was stated in City of Jackson v. Lee, 234 Miss. 502, 106 So.2d 892 (1958):
Governmental subdivisions are not liable for such fees in eminent domain proceedings unless the statute in express terms or necessary implications imposes such liability.
234 Miss. at 511, 106 So.2d at 896, cited in Hayes, 541 So.2d at 1026.
Absent some indication from the Legislature, this Court is not prepared to extend to the landowner the right to litigation expenses at the time.

VIII.
Maples raises other issues but cites no authority in support thereof, and, therefore, they will not be addressed.
The issues Maples raises before this Court are largely variations on a common theme: The trial was unfair in that the jury might have been misled into thinking that loss of access was not an appropriate element of damages. Maples argument, however, contained a fatal flaw: the jury obviously was not misled as he contends, because the jury award does in fact contain several thousand dollars as compensation for loss of access. While not expressly denominated as such in the verdict, the implication is inescapable. Only two elements of damage were suggested to the jury: the fair market value of the property taken and damages for loss of access. The fair market value of the property, even according to Maples' estimates, did not exceed $1,500.00. The remaining $6,800.00 of the award, therefore, necessarily constitutes compensation for loss of access. For the reasons set out, we affirm.
AFFIRMED.
PRATHER, P.J., and PITTMAN, ROBERTS and SMITH, JJ., concur.
BANKS, J., concurs in part and dissents in part with separate written opinion joined by HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, J.
BANKS, Justice, concurring in part and dissenting in part.
Regardless of the merits of the attorneys' fee issue, we are ill-advised to perpetuate the unfortunate quote from U.S. v. Bodcaw, 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979) found in State Highway Comm'n of Miss. v. Hayes, 541 So.2d 1023, 1026 (Miss. 1989), that "just compensation is for the property and not to the owner." Bodcaw involved an interpretation of the Fifth Amendment to the Constitution of the United States. Central to that interpretation is the fact that the Fifth amendment requires "just compensation" for takings but makes no mention of the owner. The seminal case for this holding, cited in Bodcaw, is Monongahela Navigation Co. v. United States, 148 U.S. 312, 326, 13 S.Ct. 622, 37 L.Ed. 463 (1893), wherein the court took pains to point out that "this just compensation, it will be noticed is for the property, and not to the owner. Every other clause in this Fifth Amendment is personal." Id.
In contrast, our constitutional provision, Sec. 17, provides explicitly for "due compensation ... to the owner or owners". Miss. Const. Art. 3, § 17. This key distinction would appear to dictate that the question be subjected to an analysis without reference to Fifth Amendment jurisprudence. Yet, in the case where we finally held that litigation expenses are not recoverable absent legislative command, we relied upon Bodcaw under the apparent assumption that the provisions for compensation in the two constitutions were identical. *272 State Highway Comm'n of Miss. v. Hayes, 541 So.2d 1023, 1026 (Miss. 1989).
In Hayes, this Court cited City of Jackson v. Lee, 234 Miss. 502, 511, 106 So.2d 892 (1958) as stating the Mississippi rule. Id. Although Lee makes reference to the "rule" here applied it does not discuss the manner in which such a rule was derived. Nor does it apply the rule. That case involved aborted eminent domain proceedings and the court awarded attorneys' fees pursuant to statute. 234 Miss. at 511-512, 106 So.2d 892. We again discussed the issue in Jackson Redevelopment Authority v. King, Inc., 364 So.2d 1104, 1111 (Miss. 1978), but refused to pass upon it.
In Hayes, then, we applied for the first time that the question of litigation expenses in eminent domain proceedings must be left for legislative resolution, echoing Fifth Amendment jurisprudence. 541 So.2d at 1026. Early on, however, we have said that the question of due compensation is a judicial, not a legislative one. Isom v. Mississippi Central R. Co., 36 Miss. 300, 315 (1858); Miss. State Hwy. Comm'n v. Hillman, 189 Miss. 850, 865, 198 So. 565 (1940). Under this reasoning, it would seem that the question whether and when attorneys' fees are due as a part of "due compensation" is our call.
There may be sound policy reasons for barring attorneys' fees, but it does not appear that we have explored them and the premises upon which we have relied in the past seem not to be applicable. I would hold that the landowner is entitled to costs reasonably incurred in securing just compensation for his property and that where litigation is necessary and the landowner prevails (that is, obtains compensation substantially in excess of that offered by the condemnor) the landowner is entitled to reasonable attorneys' fees incurred for such success, as determined by the trial court in accordance with the principles established by this Court, as a part of that compensation. See, DynaSteel v. Aztec Industries, 611 So.2d 977, 985-988 (Miss. 1992), and cases cited therein.
I would remand this case to the trial court for further proceedings with regard to that issue.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.