LEE, J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. In 1998, Larry and Suzanne Chandler contracted with Anthony Pulliam for the installation of a pool in the Chandler family backyard. Included in the contract were specifications for a concrete deck around the pool, with the Chandlers choosing either a smooth, brushed finish or a washed, pea gravel finish. The Chandlers requested, and Pulliam installed, a black chain-link fence around the backyard. Pulliam constructed the pool and laid the concrete deck. Pulliam hired a sub-contractor to complete the pool lighting; however, the sub-contractor never completed the lighting, and the Chandlers hired an electrician to complete the lighting at a cost of $465. The Chandlers paid Pulliam a total of $11,850 for the work on the pool. The cost of the deck and the fence were not included in the contract and became a source of contention between the parties.
¶ 2. In 2000, Pulliam filed suit against the Chandlers for failure to pay for the deck and the fence. The Chandlers counter-claimed, alleging that Pulliam’s work on the deck was substandard. The Chan *753 dlers further claimed that they were never sent a bill for the work; therefore, they could not pay Pulliam for. his labor. At the bench trial, the Chandlers were ordered to pay only for the fence. Pulliam appeals the decision of the circuit court, assigning the following as error;
I. DID THE CIRCUIT COURT ERR IN CONSULTING AND RELYING UPON THE OPINION OF A CONCRETE FINISHER WHOSE OPINION WAS GIVEN OUTSIDE THE RECORD AND WITHOUT CROSS-EXAMINATION? .
II. DID THE CIRCUIT COURT ERR IN FAILING TO AWARD CONTRACT DAMAGES OR AN AWARD AT QUANTUM MERUIT?
III. DID THE CIRCUIT COURT ERR IN FAILING TO AWARD ATTORNEY’S FEES?
STANDARD OF REVIEW
¶ 3. When a trial court sits without a jury, this Court will reverse only when the findings of the trial judge are manifestly wrong or clearly erroneous. Amerson v. State, 648 So.2d 58, 60 (Miss.1994). A judge sitting as the trier of fact has sole authority for determining the credibility of witnesses. Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987).
¶ 4. Appellees did not file a brief in this case, and in considering the case, this Court has two alternatives before it, as discussed in W.T. Raleigh v. Armstrong, 165 Miss. 380, 380, 140 So. 527, 527-28 (1932).
(1) When the record is complicated or of large volume, and the case has been thoroughly briefed by appellant with a clear statement of the facts, and with applicable citations of authorities, so that the brief makes out an apparent case of error, we will not regard ourselves as obliged to look to the record or to search through it to find something by which to avoid the force of appellant’s presentation, but will accept appellant’s brief as confessed and will reverse. Or (2) when the record is in such condition that we can conveniently examine it, and when upon such an examination we can readily perceive a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we will take that course and affirm, thereby to that extent disregarding the default of appellee. But when, taking into view the argument presented by appellant, the basis or grounds of the judgment, and the facts in support of it are not apparent, or are not such that the court could with entire confidence and safety proceed to affirmance, the judgment will be reversed without prejudice.
¶ 5. Thus, under Raleigh, because the record in this case is not large, this Court will review the record taking into view the argument of the appellant.
I. DID THE CIRCUIT COURT ERR IN CONSULTING AND RELYING UPON THE OPINION OF A CONCRETE FINISHER WHOSE OPINION WAS GIVEN OUTSIDE THE RECORD AND WITHOUT CROSS-EXAMINATION?
¶ 6. A trial judge must base his findings upon the evidence and testimony, and not upon his personal knowledge of the case. City of Jackson v. Lee, 234 Miss. 502, 509-10, 106 So.2d 892, 895 (1958). Furthermore, the supreme court has determined that communications as to facts on the merits of any litigated case may be presented only by sworn witnesses or by the agreement of counsel. Wisdom v. Stegall, 219 Miss. 776, 785, 70 So.2d 43, 46 (1954). After hearing the testimony of the witnesses, the trial judge was either unsatisfied or unconvinced with the Chandlers’ *754 proof that the deck was substandard, and he proceeded with his own investigation of the matter. Abandoning the confínes of the evidence presented at trial, the trial court sought the opinion of a friend regarding the quality of the deck. In his ruling from the bench, the trial judge recounted this consultation as follows:
And I withdrew the exhibits and carried them with me and carried them to a concrete finisher.... I carried him the pictures of the deck and I said all I want you to tell me, Jimmy, is whether or not the people got what they asked for. And he studied them for a good while, came back and he said they didn’t get what they asked for. He said, he began to tell me how it could have been cured. How it could have been done when it was finished ... and then I asked him if anything could be done to cure the problem. And he said that you could possibly pour pad on top of that with a new process that they had it [sic ] would cost about seven dollars a square foot which was far in excess of what the original cost was....
The trial judge proceeded to discuss how this testimony was not subject to cross-examination, yet he acknowledged how the interview influenced his ruling, stating “[a]nd that was the reason I ruled as I did and chiefly because I have a lot of confidence in him as a concrete finisher.”
¶ 7. Relying on this “interview” was clearly an abuse of discretion. The Chandlers -did not offer testimony as to the cost of either replacing or repairing the deck. Additionally, the Chandlers offered no opinions as to the poor quality of the deck, other than their general dissatisfaction with the aesthetics of the deck and that sections of it were uncomfortable when their feet were tender after soaking in the pool. To entertain this testimony which was not subject to cross-examination, and to render judgement based on the information obtained therefrom violates the appellant’s procedural due process rights. It is, indeed, an essential part of procedural due process that a party to a suit may interrogate the witness upon whose evidence the decree is based. Wisdom, 219 Miss. at 783, 70 So.2d at 45.
¶ 8. Because the trial court erred in basing its judgment on testimony that was neither taken under oath nor subject to cross-examination, the remaining assignments of error need not be addressed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.