# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00638-COA

| | |
|---|---|
| GATEWAY UNITED METHODIST CHURCH OF GULFPORT, MISSISSIPPI | APPELLANT |

v.

| | |
|---|---|
| MISSISSIPPI TRANSPORTATION COMMISSION | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2013 |
| TRIAL JUDGE: | HON. GASTON H. HEWES JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEY FOR APPELLANT: | VIRGIL G. GILLESPIE |
| ATTORNEY FOR APPELLEE: | CHRISTOPHER M. HOWDESHELL |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| TRIAL COURT DISPOSITION: | APPELLEE GRANTED RIGHT OF IMMEDIATE TITLE AND POSSESSION OF PROPERTY; APPELLANT AWARDED JUST COMPENSATION IN THE AMOUNT OF $46,450 FOR ACQUISITION OF ITS PROPERTY |
| DISPOSITION: | AFFIRMED: 09/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.     The Mississippi Transportation Commission (MTC) filed a "Complaint to Condemn" in the Special Court of Eminent Domain in Harrison County, Mississippi, against Gateway United Methodist Church (Gateway) in Gulfport, Mississippi. The suit was initiated because MTC was unable to reach an agreement with Gateway for the acquisition of .12 acres of land along a sight flare for the improvement of an intersection at United States Highway 49 and

South Swan Road. The special court granted MTC the right of immediate title and possession of the property at issue under Mississippi Code Annotated section 11-27-83 (Rev. 2004). After discovery was conducted, MTC filed a motion in limine and supplemental motion in limine to preclude any testimony on damages to the remainder of the property based upon restrictions of access along the sight flare. The court granted the supplemental motion in limine, and a non-jury trial occurred. The court entered a judgment consistent with MTC's statement of values, finding just compensation for the acquisition of the property in the amount of $46,450. From this judgment, and the order granting the motion in limine, Gateway appealed. Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In December 1990, Gateway purchased a 5.7 acre parcel of property located on the northeast corner of U.S. Highway 49 and South Swan Road in Gulfport, Mississippi.[1] The church building and its facilities are located on the eastern side of the property, accessed by South Swan Road.[2] On September 29, 2011, MTC filed "quick take" eminent-domain proceedings against Gateway in Harrison County, Mississippi. MTC desired immediate title and possession of .12 acres of property for safety improvements to the intersection of

---

[1] The property included all of Block 20 of the original Lyman Subdivision, which lay east of Highway 49. The original plat for the Lyman subdivision was filed in 1901. Between 1901 and the date of the filing of this lawsuit against Gateway, there were several acquisitions by the MTC.

[2] Gateway claims it made the decision to build the church and its facilities on the east side of the property, so it would have a 1.8-acre tract available to sell as a commercial parcel along Highway 49.

2

Highway 49 and South Swan Road. A plat entered into evidence shows an area designated "no access" runs across a diagonal portion of the western boundary of the property along Highway 49, which is the "sight flare" for the intersection of Highway 49 and South Swan Road.[3]

¶3. In November 2011, in response to an ore tenus motion by MTC, the special court issued an order granting MTC the right of immediate title and possession of the property. MTC deposited funds of $169,500 in a court registry for compensation and damages determined by a court-appointed appraiser, pending resolution of the matter. Gateway claims any access to Highway 49 has now been taken by MTC, and all access to the church property must be from South Swan Road. Gateway contends it acquired access to Highway 49 when it bought the property, and before the taking by MTC, it had full rights to access the highway for 357.45 feet. After the taking, Gateway claims it has only 57.5 feet in the northwest corner of the property for access to Highway 49, which does not meet MTC specifications for an entrance to the property, or county requirements for the width of a street or right-of-way.[4]

¶4. After discovery concluded, in November 2012 and January 2013 respectively, MTC filed a motion in limine and supplemental motion in limine to preclude any testimony on

---

[3] A deed from 1959 was entered into evidence that MTC claims established the sight flare.

[4] However, the record shows the church's current access to the property is on South Swan Road, and there has never been any attempt to gain access to Highway 49.

damages to the remainder of the property based upon restrictions of access along the no-access sight flare.[5] In his deposition, Allen Purvis, Gateway's expert real-estate appraiser, testified the property suffered $151,054 in damages as a result of MTC taking the no-access sight flare. In the motion, MTC argued that Gateway had no access rights available prior to the condemnation; so no access rights were being acquired, and thus there could be no damages.

¶5. MTC also offered, in support of its motion, the testimony of David Gray, the senior permit officer for the Mississippi Department of Transportation. He stated that as of September 29, 2011, Gateway would not have been eligible for a permit allowing access to the property along the no-access line described in the complaint. Gray further explained that because the no-access line was the same as the sight-flare line, a permit would be denied to prevent traffic from pulling out into the intersection, as well as to prevent obstacles interfering with the sight view of traffic at the intersection. In short, Gray testified that granting a permit within a sight flare would be a safety hazard. He was also not aware of any permit being granted along any sight flare in Harrison County on Highway 49.

¶6. Gateway responded that if it had no right to access, then MTC had no need to condemn the property. Gateway claimed that nothing in any of the deeds entered into evidence indicated MTC had taken access to Highway 49. Further, it argued that if the property had been "taken" by the MTC prior to its purchase by the church via the 1958 deed,

---

[5] At a hearing, MTC's counsel noted there was no dispute regarding the value of the .12 acres at issue, but only the damages to the remainder.

there was no due process because no just compensation was ever paid to the church. Gateway claimed the parcel has had access to Highway 49 or its predecessor road (Fifth Avenue) since 1901.

¶7.    On March 28, 2013, the special court granted MTC's supplemental motion in limine, and agreed with MTC that since no access was available to Gateway before the taking, no access rights were being acquired. A non-jury trial ensued on April 16, 2013.[6] MTC's expert appraiser, Jamie Shotts, valued the property before the taking at $3,536,400, and after the taking at $3,489,950, determining just compensation to be $46,450.[7] Gateway proffered the testimony of its appraisal expert, Purvis, about damages due to the loss of access to Highway 49. He appraised the property before the taking at $1,710,816 and after the taking at $1,518,163, determining just compensation to the church to be $192,653 for acquisition of the  property and damages. Of this figure, Purvis assigned damage to the remaining property of $151,054 as a result of taking the "no access" area along Highway 49, and a land value of $41,599.

¶8.    The court entered a judgment accepting MTC's amount of just compensation of $46,450. Also confirmed was the November 2011 order granting title and possession of the property at issue to the MTC for public use. Gateway timely appealed both the April 2013 judgment and the March 2013 grant of MTC's supplemental motion in limine.

---

[6] The parties waived a jury trial.

[7] This figure represents land value only, and does not include damages to the remainder.

**STANDARD OF REVIEW**

¶9.     An appellate court's standard of review regarding the admission or exclusion of evidence is abuse of discretion.  There is no abuse of discretion by the trial court in granting a motion in limine if: "(1) the material or evidence in question will be inadmissible at trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Ware v. Entergy Miss. Inc.*, 887 So. 2d 763, 766 (¶6) (Miss. 2004) (internal citation omitted).  For questions of law, the standard of review is de novo. *Id.*

**ANALYSIS**

¶10.     Gateway argues the special court erred in disallowing its expert witness Purvis's appraisal testimony, which would have shown damages of approximately $151,054 to the remainder of the church property for the MTC's taking of access along Highway 49.  Gateway claims the MTC has taken Gateway's only access to Highway 49 without just compensation in violation of due process under Article 3, Section 17 of the Mississippi Constitution.

¶11.     It has long been established by the Mississippi Constitution that "it is beyond the power of the state or any corporation to take or damage the property of any person, even for a public use, without due compensation being first made." *Hill v. Woodward*, 100 Miss. 879, 889, 57 So. 294, 295 (1911).  In determining just compensation in eminent-domain cases, the Mississippi Supreme Court has created the following formula:  "When part of a larger tract of land is taken for public use, the owner should be awarded the difference between the fair

6

market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking . . . ." *Miss. State Highway Comm'n v. Hillman*, 189 Miss. 850, 866, 198 So. 565, 569 (1940). Evidence of fair market value is established as of the date of the filing of the complaint. Miss. Code Ann. § 11-27-19 (Rev. 2004). However, a landowner is not entitled to compensation under the Mississippi Constitution for diminution of access where the action taken by the State constitutes a reasonable exercise of police power and where the landowner is left with reasonable access. *Maples v. Miss. State Highway Comm'n*, 617 So. 2d 265, 270 (Miss. 1993) (citing *Miss. State Highway Comm'n v. Hale*, 531 So. 2d 623, 626 (Miss. 1988)).

¶12. Gateway maintains that the valuable right of access to Highway 49 has never been purchased or acquired by MTC before the instant taking, and that the just compensation MTC is required to pay for the taking should include damages for the loss of access. Gateway states that when the MTC acquired the "sight flare" parcel in a deed dated from 1959, there was no such thing as limited or no-access highways; therefore, the MTC could not have acquired any access rights at that time.[8]

¶13. MTC counters that there were never landowner access rights to Highway 49 along the described "no access sight flare line"; therefore, there was no change in access rights after the taking. Accordingly, the court did not abuse its discretion in limiting testimony on damages to the remainder of the church property. MTC claims no just compensation can be

---

[8] Gateway claims the property originally had access on its western edge along Fifth Avenue, which is now Highway 49.

7

awarded except as to the .12-acre tract, for which Gateway was awarded $46,450.

¶14.    At the non-jury trial on this matter, Gateway made an offer of proof through its appraiser, Purvis, who opined that the amount of total compensation due Gateway was $192,653, with $151,054 of that amount as damages to the remaining property.[9] Gateway maintains it must be compensated for its loss of access along Highway 49.

¶15.    It is well established that "the abutting landowner on a conventional public highway has a special right of access and user in the highway; and that right is a property right which cannot be damaged or taken from him without due compensation." *Muse v. Miss. State Highway Comm'n*, 233 Miss. 694, 713, 103 So. 2d 839, 846 (1958). In *Muse*, however, the Mississippi Supreme Court held that an abutting landowner is not entitled to compensation for a reasonable exercise of police power. The *Muse* court explained:

> [T]here is also a coexistent right belonging to the public, to use and improve the highway for the purpose of travel; and the owner of the abutting land has no absolute right, as against the public, to insist that the adjacent highway always remain available for his use in the same manner and to the same extent as when it was constructed. . . . *[T]he abutting landowner's right of access and user are subject to the right of the state under the police power to regulate and control the traffic on the highway in the interest of safety, and to restrict in a reasonable manner entrances from abutting property.*

*Id.* at 713-14, 103 So. 2d at 847 (emphasis added). Moreover, an "[a]ppellant cannot claim damages for the claimed taking of a right that never existed." *Morris v. Miss. State Highway Comm'n*, 240 Miss. 783, 790, 129 So. 2d 367, 370 (1961).

---

[9]  Gateway's appraised value of $41,599 for the .12-acre property was actually less than MTC's value.

An abutting landowner has no right to the continuation of the flow of traffic past his property and the diminution in the value of land occasioned by public improvements that diverts the flow of traffic past an owner's property is not compensable. *Such changes are made in the exercise of the police power and do not constitute the taking or damaging of a property right.*

*Id.* at 789, 129 So. 2d at 369 (emphasis added).

¶16.    Gateway claims that *Muse* is factually distinguishable to the instant case, as the *Muse* taking dealt with a limited access highway instead of a conventional highway, without a sight flare and with access to a service road, unlike here. *Muse*, 233 Miss. at 699, 103 So. 2d at 841. In *Muse*, the Mississippi Supreme Court held that the State Highway Commission had a right to construct a median strip in a four-lane highway without payment of compensation to the appellant for damages, even though the construction of the strip would restrict the appellant's right of access and cause inconvenience to the abutting property owners. *Id.* at 715, 103 So. 2d at 848. We find *Muse* analogous to the instant case in spite of these factual distinctions. The condemned land in *Muse* was at all times under the control of the highway authorities, and the abutting landowner's access rights were subject to the right of the state's police powers for safety regulation. *Id.* at 713-14, 103 So. 2d at 846-47.

¶17.    Gateway acknowledges the MTC's authority to exercise its police powers to regulate traffic and designate points of access. Gateway also concedes that if it wanted access along the sight flare to Highway 49, it would have to apply for and obtain a permit from the MTC. The evidence shows that Gateway would have been unable to obtain such an access permit prior to the instant taking.

¶18.    Gateway's access to its property was from South Swan Road. The MTC's permit

9

officer, Gray, testified in an affidavit that Gateway would not have been eligible for a permit granting access to Highway 49 on the area designated "no access" along the sight flare "because of the proximity of the property owned by the church to the intersection of Highway 49 and South Swan Road." Gray stated that granting any access to that portion of the property would have created a safety hazard. Purvis, the appraiser for Gateway, testified in his deposition that he "believed that no access restriction was a new restriction as to preventing access there, and, therefore, believed that prior to that access was possible." Purvis based this belief on "the documents that described the take." However, he admitted that he did not investigate it, and did not admit to familiarity with the permitting process; therefore, he had nothing upon which to base his findings. The appraiser for MTC, Shotts, testified that "there was no difference in value of the improvements" as a result of the acquisition.

¶19.    *Mississippi State Highway Commission v. Blackwell*, 350 So. 2d 1325 (Miss. 1977), is analogous to this case. In *Blackwell*, the MTC took a .05-acre tract of land and a drainage easement from a 2.42-acre tract owned by the Blackwells. The jury awarded the Blackwells $12,750. Similar to the present case, the land abutted Highway 49, and the MTC obtained the land by deed from the Blackwells' predecessors in 1958 for the purpose of widening the highway and locating a sight flare at an intersection. *Id.* at 1325. In 1974, the MTC installed barricades on the east margin of the flare, effectively cutting off the Blackwells' direct access to the highway. *Id.* at 1326. No permit for access had ever been applied for, not even by the Blackwells' predecessors in title. The *Blackwell* court noted that when the sight flare was

10

purchased, "the area became subject to Commission control under police powers." *Id.* at 1327. The court reasoned that land acquired by the Commission through warranty deed, not condemnation, gives the Commission "the same right to control the land as if it had 'condemned' the property." *Id.* at 1328. The court in *Blackwell* held that it was error to allow the Blackwells to introduce evidence concerning loss of access to the highway, and ordered a retrial with that evidence excluded. *Id.*

¶20. Similarly, we find it was not error for the special court to preclude testimony on damages to Gateway's remaining property based on loss of access because Gateway did not have the right of access along the sight flare in the before condition. Purvis's assigned damages to the property of $151,054 were based on the assumption that access rights were being acquired along the sight flares. However, as the testimony of Gray and Shotts attests, there was no change in access in the after condition of the property as compared to the before condition. If there was no change in the access, there could be no compensation for damages regarding loss of access. Additionally, Gateway retained access along South Swan Road and along Highway 49 outside of the sight flare. Finally, the right of MTC to regulate entrances into the highway under the police power is well established, and not a compensable taking. Thus, the court did not abuse its discretion in disallowing testimony on damages to the remainder.

¶21. **THE JUDGMENT OF THE HARRISON COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ROBERTS, CARLTON, MAXWELL,**

11

**FAIR AND JAMES, JJ., CONCUR.  ISHEE, J., NOT PARTICIPATING.**